# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**THE ESTATE OF EVA BOLES**                                         **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO.: 4:07-CV-99-SA-DAS**

**NATIONAL HERITAGE REALTY, INC., et al.**                      **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court are the Defendants' Motion to Dismiss [6] and Motion for Leave to Supplement their Motion to Dismiss [23]. For the reasons stated below, the Defendants' Motion to Dismiss is denied. The Defendants' Motion to Supplement is denied as moot.

## I. Factual and Procedural Background

This is a wrongful death and survival action by the Estate of Eva Boles against various entities that were responsible for the operation of the facility in which Boles resided for approximately four and a half years prior to her death. The Estate alleges a variety of causes of action, including negligence, gross negligence, medical malpractice, fraud, and breach of fiduciary duty. The Complaint indicates that the Estate is pursuing both the survival actions of Boles' and the wrongful death actions of her survivors. The action has been brought by Eliza Price, the administratrix of the Estate of Eva Boles and cousin of Eva Boles.

### A. The "First" Estate

On or about June 24, 1996, Eva Boles was admitted to the Greenwood Health and Rehabilitation Center, a facility in Leflore County, Mississippi. She remained a resident of the facility until her death on January 25, 2001. On October 3, 2001, Eliza Price filed a petition with the Tallahatchie County Chancery Court seeking appointment as the administratrix of the Boles estate. On October 9, 2001, the Tallahatchie County Chancery Court appointed Price the

administratrix of the Boles estate (the "first estate"). As administratrix, she subsequently filed a wrongful death and survival action on behalf of the "first estate" in the Circuit Court of Leflore County, Mississippi, on January 28, 2002, against the same Defendants as the present case.[1]

On January 13, 2005, the Defendants moved that the order by the Tallahatchie County Chancery Court appointing Price as administratrix be rendered *void ab initio*, on the basis that Boles was a resident of Leflore County - rather than Tallahatchie County - at the time of her death. The "first estate" then filed a petition for appointment of administratrix in the Chancery Court of Leflore County. On February 3, 2005, the Tallahatchie Chancery Court transferred administration of the "first estate" to Leflore County and closed the estate in Tallahatchie County; on the same day, the Leflore County Chancery Court entered an order granting Price's petition for appointment as administratrix of the estate. On February 28, 2005, the Tallhatchie County Chancery Court entered the order transferring the "first estate" to the Leflore County Chancery Court and closing the Tallahatchie County case.

Thereafter, the Defendants moved for an order certifying issues for interlocutory appeal. On March 14, 2005, the Chancery Court of Tallahatchie County granted the Defendants' motion to certify issues for interlocutory appeal and denied the Defendants' previous motion to render the order appointing Price as administratrix of the estate *void ab initio*. The Defendants filed a notice of appeal to the Mississippi Supreme Court on March 30, 2005; the appeal concerned the Tallahatchie County Chancery Court's order transferring the estate from Tallahatchie County to Leflore County. On April 6, 2005, the Defendants filed an emergency request for a stay and a

---

[1]This Court's recitation of the facts from the earlier case relies heavily on the opinion by the Mississippi Supreme Court that disposed of the January 28, 2002, complaint. *See* Nat'l Heritage Realty, Inc. v.The Estate of Eva Boles, 947 So. 2d 238 (Miss. 2006).

second petition for interlocutory appeal concerning the following matters: the February 28, 2005 Tallahatchie County Chancery Court order transferring the administration of the estate to Leflore County and closing the Tallahatchie County estate; the March 14, 2005 Tallahatchie Chancery Court order denying the Defendants' motion to render the order appointing Price as administratrix *void ab initio*; and a request for stay of the lawsuit in the Leflore County Circuit Court, which was close to the trial date. On April 15, 2005, the Mississippi Supreme Court granted the second petition for interlocutory appeal and the emergency request for a stay of the lawsuit and consolidated the second notice of appeal with the first one.

While the Defendants pursued their interlocutory appeals with the Mississippi Supreme Court, they also filed a motion for summary judgment in the Leflore County Circuit Court lawsuit, on the basis that Price, as administratrix, had no authority as a matter of law to file or maintain the lawsuit because she was not a wrongful death beneficiary under Mississippi's wrongful death statute, and her appointment as administratrix in the Tallahatchie County Chancery Court was *void ab initio* because that court did not have jurisdiction of the estate. The Leflore County Circuit Court denied the motion for summary judgment, and the Defendants filed another petition for interlocutory appeal. The Mississippi Supreme Court granted the petition and consolidated it with the previous two interlocutory appeals.

On September 7, 2006, the Mississippi Supreme Court issued its opinion addressing the interlocutory appeals of the Defendants. It held that the statute prescribing where an estate must be filed goes to subject matter jurisdiction, rather than mere venue. Nat'l Heritage Realty, Inc., 947 So. 2d at 249. Therefore, Tallahatchie County never had subject matter jurisdiction of the Estate, and opening the estate and appointing Price as administratrix was void, rather than voidable. Id.

The Mississippi Supreme Court went on to hold that since no legitimate estate ever existed, there was never a legitimate plaintiff in the Leflore County Circuit Court action. Id. at 251. Therefore, the Court held that the Leflore County Circuit Court erred by not granting the Defendants' motion for summary judgment because Price lacked capacity as a proper plaintiff to bring the lawsuit. Id. at 254.

## B. *The Present Case*

On April 6, 2007, Price filed a petition for her appointment as administratrix of the Estate of Eva Boles in the Leflore County Chancery Court. On April 17, 2007, the Leflore County Chancery Court appointed Price the administratrix of the Boles Estate. Price filed the present lawsuit on June 25, 2007, alleging a variety of causes of action, including negligence, gross negligence, medical malpractice, fraud, and breach of fiduciary duty. The Complaint indicates that the Estate is pursuing both the survival actions of Ms. Boles' and the wrongful death actions of her survivors.

On August 7, 2007, the Defendants filed their motion to dismiss, which is presently before the Court. They have presented two grounds for dismissal. First, they argue that the Estate's claims are barred by the applicable statute of limitations. Alternatively, Defendants argue that the Estate's claims are barred by the principle of *res judicata*. The Estate counters that Mississippi Code § 15-1-69, a savings statute, applies to this case and allows the Estate to file this action within one year of the previous suit's dismissal. Further, the Estate argues that the filing of the first action against the Defendants tolled the applicable statute of limitations and that the principle of *res judicata* does not bar its claims.

## II. Standard of Review

A dispute exists among the parties as to what standard of review should be applied to this motion. The Estate argues that Defendants' motion should be treated as a motion for summary judgment under Rule 56 if the Court considers any matters outside the pleadings. The Defendants argue that the motion should be treated in the manner prescribed for motions to dismiss under Rule 12(b)(6).

If "matters outside the pleadings are presented to and not excluded by the court," a motion presented to the court as a motion to dismiss under Rule 12(b)(6) "shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). However, District Courts "are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." Myers v. The Guardian Life Ins. Co. of Am., Inc., 5 F. Supp. 2d 423, 427 (N.D. Miss. 1998) (*citing* Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)); *see also* Hall v. Hodgkins, 2008 U.S. App. LEXIS 26213, *8 (5th Cir. December 23, 2008) ("...the district court may also consider matters of which it may take judicial notice.") (*citing* Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996)). Further, if matters outside the pleadings are present in the record, the Court is not required to treat the motion as one for summary judgment if it does not consider them. Myers, 5 F. Supp. 2d at 427 (*citing* Davis v. Blayless, 70 F.3d 367, 372 (5th Cir. 1995)).

In the present case, there is no danger of the Court considering matters inappropriate for consideration pursuant to a motion to dismiss under Rule 12(b)(6), in that all of the exhibits attached to the Defendants' motion to dismiss are matters of public record of which this Court may take judicial notice. Therefore, the Court will treat this motion as a motion to dismiss under Rule 12(b)(6).

When reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007). The plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level," upon the assumption that all the allegations in the complaint are true. Id. If "it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief," dismissal should be granted. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The Court will not accept mere conclusory allegations or legal conclusions masquerading as factual conclusions as true. Kaiser v. Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982); Myers, 5 F. Supp. 2d at 427 (*quoting* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)). The "complaint must contain either direct allegations on every material point necessary to sustain a recovery... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Myers, 5 F. Supp. 2d at 427 (*quoting* Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

### III. Discussion

Defendants argue that this action is barred by the applicable statute of limitations. In their memorandum of law supporting their motion, they argue that the two-year statute of limitations contained in Mississippi Code § 15-1-36 applies to this case, and, alternatively, they argue that even if § 15-1-36 does not apply, the action is still time-barred by the three-year statute of limitations of Mississippi Code § 15-1-49. The Defendants also argue that this action is barred by the principle of *res judicata*. The Plaintiff counters that the cause of action was "saved" by Mississippi Code § 15-1-69 and that the action filed on January 28, 2002, tolled the applicable statute of limitations.

For the reasons stated below, the Court finds that the Plaintiff's cause of action is "saved" by Mississippi Code § 15-1-69. It is, therefore, unnecessary at this time for the Court to address the Defendants' statute of limitations and *res judicata* arguments.

*A. The Savings Statute, Generally*

Mississippi Code contains a savings statute which the Estate argues is applicable to this case. It reads:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any part thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein.

MISS. CODE ANN. § 15-1-69. Within the context of the savings statute, avoidance or defeat for lack of subject matter jurisdiction is avoidance or defeat for a matter of form. Ryan v. Wardlaw, 382 So.2d 1078, 1079 (Miss. 1980); Hawkins v. Scottish Union & Nat'l Ins. Co., 69 So. 710, 712 (Miss. 1915).

The Mississippi Supreme Court has stated that the "true meaning" of the savings statute is: "Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute [of limitations] shall not prevent him from doing so, provided he follows it promptly, by suit within a year." Crawford v. Morris Transp., Inc., 990 So. 2d 162, 173-74 (Miss. 2008) (quoting Coffin v. Castle, 33 Mass. (1 Pick.) 383, 385-86 (1835)). However, the plaintiff must have exercised good faith in filing the first action in the wrong court. Wertz v. Ingalls Shipbuilding, Inc., 790 So. 2d 841, 844 (Miss. Ct. App. 2000).

7

### B. *Owens v. Mai* and *Gray v. Mariner Health Center, Inc.*

The Defendants correctly point out that the Mississippi Supreme Court has clearly stated "that the savings statute cannot save an action from the expiration of the statute of limitations." Owens v Mai, 891 So. 2d 220, 221 (Miss. 2005). The court has said that ". . . to allow otherwise would circumvent the effect and purpose of statutes of limitations." Id., at 223-24. The Defendants also correctly point out that this Court has cited this conclusion by the Mississippi Supreme Court. *See* Gray v. Mariner Health Cent., Inc., 2006 U.S. Dist. LEXIS 65725, *5-*6 (N.D. Miss. September 12, 2006). However, both Owens and Gray are distinguishable from the case *sub judice*.

In Owens, the plaintiff's initial suit against the defendant was dismissed for defective service of process. Prior to the dismissal of the first action, Owens filed a second action, identical to the first one, which was dismissed by the trial court because it was barred by the applicable statute of limitations. On appeal, the Court of Appeals reversed the trial court and held that the second action was "saved" because the first action had been dismissed for lack of personal jurisdiction, which was a "matter of form" within the meaning of the savings statute. *See* Owens v. Mai, 881 So. 2d 278, 281 (Miss. Ct. App. 2003). The Mississippi Supreme Court reversed the decision of the Mississippi Court of Appeals, holding that dismissal for failure to properly serve a defendant was not a dismissal for a "matter of form" within the intent of the savings statute, and, therefore, the savings statute did not apply. Owens, 891 So. 2d at 223.

In Gray, the plaintiffs' cause of action accrued on April 20, 2003; they filed their initial suit on August 30, 2004. The defendants removed the case on January 10, 2005, and thereafter filed a motion to dismiss. On February 7, 2005, the plaintiffs agreed, in their response to the motion to dismiss, to dismiss the action without prejudice to allow compliance with the notice requirements

8

for a medical malpractice action. On August 5, 2005, the court dismissed the case without prejudice. On October 17, 2005, the plaintiffs filed a second complaint. The defendants filed a motion for summary judgment in their favor on the ground that the action was barred by the applicable two-year statute of limitations. The plaintiffs argued that their second case was permitted by the savings statute. This Court disagreed, noting that Mississippi case law was clear on the principle that a voluntary dismissal was not a "matter of form," and, therefore, not within the purview of the savings statute. Gray, 2006 U.S. Dist. LEXIS 65725 at *5 (citing W. T. Raleigh Co. v. Barnes, 109 So. 8, 9 (Miss. 1926)).

While both Owens and Gray contain strong language that appears to render the savings statute inapplicable to situations where the statute of limitations runs out before the filing of the second complaint, on a closer look, the savings statute was inapplicable in those cases because, in each case, the first complaint was not "avoided or defeated" for "a matter of form." MISS. CODE. ANN. § 15-1-69.

In the present case, the Mississippi Supreme Court held that the Leflore County Circuit Court should have granted summary judgment in favor of the Defendants because the estate opened in the Tallahatchie County Chancery Court was *void ab initio*; the Tallahatchie County estate was *void ab initio* because the court never had subject matter jurisdiction over the estate. National Heritage Realty, Inc., 947 So. 2d at 249. Lack of subject matter jurisdiction is a "matter of form," within the meaning of the savings statute. Ryan, 382 So.2d at 1079; Hawkins, 69 So. at 712. Therefore, this Court is of the opinion that the savings statute should apply here, since the Plaintiff's first action was "avoided or defeated... for [a] matter of form." MISS. CODE ANN. § 15-1-69.

9

## C. *Crawford v. Morris Transportation, Inc.*

This Court is aware of the logical inconsistencies precipitated by the application of the savings statute to this case, such as the problem that a case that legally never existed (since the estate that filed it was rendered *void ab initio*) can not logically have been "duly commenced" or even "avoided or defeated." However, the Court notes that declining to apply the savings statute would bring its own set of problems, in that declining to apply it would run counter to the express purpose of the statute as expressed by the Mississippi Supreme Court. *See* Crawford, 990 So. 2d at 173-74. Furthermore, the Mississippi Supreme Court has addressed a situation with similar procedural dilemmas, and come out in favor of application of the savings statute.

In Crawford v. Morris Transp., Inc., 990 So. 2d 162 (Miss. 2008) the plaintiff, Crawford, filed a petition to perpetuate testimony in a Mississippi state court, in anticipation of a lawsuit against the defendant, Morris. Morris filed a notice of removal in federal court. Crawford subsequently filed a motion to dismiss without prejudice or, alternatively, to remand the matter, since no complaint had been filed.

While Crawford's motion to dismiss was pending, he filed a motion for leave to file a complaint in state court or, alternatively, to add additional defendants to the pending matter. The federal court granted his motion for leave to file a complaint and deemed the complaint he had attached to his motion as filed. About a month after the federal court granted leave to file his complaint, Crawford filed an identical complaint in the Circuit Court of Coahoma County, Mississippi, on December 10, 2003 (the 2003 complaint). Service of process was not issued for the complaint.

On August 27, 2004, the federal district court granted Crawford's motion to dismiss without

prejudice, on the grounds that there was nothing to remove in that no complaint had been filed at the time of removal.

On July 14, 2005, Crawford filed a first amended complaint with the Circuit Court of Coahoma County, seeking to amend the 2003 complaint, and arguing that the savings statute allowed him re-file the suit before August 27, 2005. Crawford also filed an additional complaint styled and numbered as a separate cause of action (the 2005 complaint).

Morris sought dismissal of the 2003 complaint and the amended 2003 complaint, arguing that the federal court had dismissed Crawford's case, not remanded it. Morris alternatively argued that Crawford had failed to effect service of the 2003 complaint and that the amended 2003 complaint was filed outside the statute of limitations. Morris also sought dismissal of the 2005 complaint on the grounds that the statute of limitations had expired. Finally, Morris argued that the savings statute applied only to "actions," and, since the federal court had ruled that no action ever existed, the savings statute did not apply. The Circuit Court dismissed all of Crawford's complaints with prejudice.

On appeal, the Mississippi Supreme Court held that the 2003 complaint was properly dismissed because it was a nullity, having never been remanded. Crawford, 990 So. 2d at 169. The court held that the Circuit Court's dismissal of the 2005 complaint was in error because application of the savings statute was appropriate and consistent with its purposes. Id.

In its order of dismissal, the federal court had explicitly referred to the dismissal as voluntary, since Crawford himself had filed the motion to dismiss. The Mississippi Supreme Court noted that a party who voluntarily dismisses a case may not subsequently invoke the protections of the savings statute. Crawford, 990 So. 2d at 171-72. However, the Supreme Court noted that the

11

substance of the pleading was more important than the form, and that Crawford had clearly sought dismissal without prejudice in the federal court for the purpose of filing a complaint in the proper state court. Id. The court observed that Crawford had continuously evinced an intent to pursue his claim in the proper court. Id., 990 So. 2d at 172. The court reasoned that the absence of a complaint was a jurisdictional issue, and, therefore, Crawford's motion to dismiss his own case was for lack of subject matter jurisdiction. Id., 990 So. 2d at 173.

The Mississippi Supreme Court stressed that they were concerned only with the basis of Crawford's motion to dismiss and the federal court's apparent basis for granting that motion to dismiss: lack of subject matter jurisdiction. Id. The court reiterated the "true meaning" of the savings statute, as stated in Hawkins,[2] and noted that Crawford - like the plaintiff in the case *sub judice* - "found himself in a procedural quagmire and made a good-faith effort to preserve his claim." Crawford, 990 So. 2d at 174. Therefore, the application of the savings statute to Crawford's 2005 complaint was appropriate and consistent with the purposes of the statute, despite the procedural knots and missteps along the way. Id.

## IV. Conclusion

The case filed by the "first estate" was avoided or defeated because the court which opened the "first estate" did not have subject matter jurisdiction over the matter. Subject matter jurisdiction is a "matter of form," within the meaning of Mississippi's savings statute. Therefore, the savings statute applies to this case. The case filed by the "first estate" terminated on September 7, 2006.

---

[2] "Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute [of limitations] shall not prevent him from doing so, provided he follows it promptly, by suit within a year." Crawford, 990 So. 2d at 173-74 (quoting Hawkins, 69 So. at 712).

12

The present case was filed on April 7, 2007, well within the year allotted by the savings statute for refiling. The Defendants' motion to dismiss is **DENIED**.

Also, the Court considered the Defendants' motion to supplement their motion to dismiss and examined the decision the Defendants urged was applicable to the issues presented by this case. While Delta Health Group, Inc. v. Estate of Ellen Pope, 995 So. 2d 123 (Miss. 2008) would certainly be cogent to the issue of whether a second complaint filed by an estate relates back to a first complaint filed by a void estate for purposes of a statute of limitations analysis, it is not cogent to the issue of whether the savings statute applies to the case *sub judice*. Therefore, the Defendants' motion to supplement is **DENIED AS MOOT**.

A separate order consistent with this opinion shall issue on this the 11th day of March, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**