**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**THE ESTATE OF EVA BOLES**                                                          **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO.: 4:07-CV-99-SA-DAS**

**NATIONAL HERITAGE REALTY, INC., et al.**                                    **DEFENDANTS**

### MEMORANDUM OPINION

Before the Court is the Defendants' Motion for Reconsideration of the Court's order denying Defendants' Motion to Dismiss [26] or, alternatively, Motion to Certify the question at issue for interlocutory appeal [28]. For the reasons stated below, the Defendants' Motion for Reconsideration of the Court's earlier order is denied, and the Defendants' Motion to Certify the question at issue for interlocutory appeal is denied.

### I. Factual and Procedural Background

This is a wrongful death and survival action by the Estate of Eva Boles against various entities that were responsible for the operation of the facility in which Boles resided for approximately four and a half years prior to her death. The Estate alleges negligence, gross negligence, medical malpractice, fraud, and breach of fiduciary duty. The action has been brought by Eliza Price, the administratrix of the Estate of Eva Boles and cousin of Eva Boles.

The facts in this case were already recited in detail in this Court's Opinion denying the Defendants' Motion to Dismiss. See Estate of Eva Boles v. Nat'l Heritage Realty, Inc., 2009 U.S. Dist. LEXIS 19690 (N.D. Miss. Mar. 11, 2009). However, since a clear understanding of the circumstances leading up to this motion is integral to an understanding of the underlying issue of law, the Court shall again relate the matter's background.

*A. The "First" Estate*

On or about June 24, 1996, Eva Boles was admitted to the Greenwood Health and Rehabilitation Center, a facility in Leflore County, Mississippi. She remained a resident of the facility until her death on January 25, 2001. On October 3, 2001, Eliza Price filed a petition with the Tallahatchie County Chancery Court seeking appointment as the administratrix of the Boles estate. On October 9, 2001, the Tallahatchie County Chancery Court appointed Price the administratrix of the Boles estate (the "first estate"). As administratrix, she subsequently filed a wrongful death and survival action on behalf of the "first estate" in the Circuit Court of Leflore County, Mississippi, on January 28, 2002, against the same Defendants that she has in the present case.[1]

On January 13, 2005, the Defendants moved that the order by the Tallahatchie County Chancery Court appointing Price as administratrix be rendered *void ab initio*, on the basis that Boles was a resident of Leflore County - rather than Tallahatchie County - at the time of her death. The "first estate" then filed a petition for appointment of an administratrix in the Chancery Court of Leflore County. On February 3, 2005, the Tallahatchie County Chancery Court transferred administration of the "first estate" to Leflore County and closed the estate in Tallahatchie County; on the same day, the Leflore County Chancery Court entered an order granting Price's petition for appointment as administratrix of the estate. On February 28, 2005, the Tallahatchie County Chancery Court entered the order transferring the "first estate" to the Leflore County Chancery Court and closing the Tallahatchie County case.

Thereafter, the Defendants moved for an order certifying issues for interlocutory appeal. On

---

[1]This Court's recitation of the facts from the earlier case relies heavily on the opinion by the Mississippi Supreme Court that disposed of the January 28, 2002, complaint. *See* Nat'l Heritage Realty, Inc. v. The Estate of Eva Boles, 947 So. 2d 238 (Miss. 2006).

March 14, 2005, the Chancery Court of Tallahatchie County granted the Defendants' motion to certify issues for interlocutory appeal and denied the Defendants' previous motion to render the order appointing Price as administratrix of the estate *void ab initio*. The Defendants filed a notice of appeal to the Mississippi Supreme Court on March 30, 2005, concerning the Tallahatchie County Chancery Court's order transferring the estate from Tallahatchie County to Leflore County. On April 6, 2005, the Defendants filed an emergency request for a stay and a second petition for interlocutory appeal as to the following matters: the February 28, 2005, Tallahatchie County Chancery Court order transferring the administration of the estate to Leflore County and closing the Tallahatchie County estate; the March 14, 2005, Tallahatchie Chancery Court order denying the Defendants' motion to render the order appointing Price as administratrix *void ab initio*; and a request for stay of the lawsuit in the Leflore County Circuit Court, which was approaching the trial date. On April 15, 2005, the Mississippi Supreme Court granted the second petition for interlocutory appeal and the emergency request for a stay of the lawsuit and consolidated the second notice of appeal with the first one.

While the Defendants pursued their interlocutory appeals with the Mississippi Supreme Court, they also filed a motion for summary judgment in the Leflore County Circuit Court action. Their motion for summary judgment had two bases: Price had no authority as a matter of law to file or maintain the lawsuit as she was not a wrongful death beneficiary under Mississippi's wrongful death statute, and her appointment as administratrix in the Tallahatchie County Chancery Court was *void ab initio* as that court did not have jurisdiction of the estate. The Leflore County Circuit Court denied the motion for summary judgment, and the Defendants filed another petition for interlocutory appeal. The Mississippi Supreme Court granted the petition and consolidated the third interlocutory

appeal with the previous two.

On September 7, 2006, the Mississippi Supreme Court issued its opinion as to the interlocutory appeals of the Defendants, holding that the statute prescribing where an estate must be filed goes to subject matter jurisdiction, rather than mere venue. Nat'l Heritage Realty, Inc., 947 So. 2d at 249. Therefore, Tallahatchie County never had subject matter jurisdiction of the Estate, and opening the estate and appointing Price as administratrix was void, rather than voidable. Id. The Mississippi Supreme Court stated that since no legitimate estate ever existed, there was never a legitimate plaintiff in the Leflore County Circuit Court action. Id. at 251. The Court concluded that the Leflore County Circuit Court erred by not granting the Defendants' motion for summary judgment because Price lacked capacity as a proper plaintiff to bring the lawsuit. Id. at 254.

*B. The Present Case*

On April 6, 2007, Price filed a petition for her appointment as administratrix of the Estate of Eva Boles in the Leflore County Chancery Court. On April 17, 2007, the Leflore County Chancery Court appointed Price the administratrix of the Boles Estate. Price filed the present lawsuit on June 25, 2007, alleging negligence, gross negligence, medical malpractice, fraud, and breach of fiduciary duty. The Estate is pursuing both the survival actions of Ms. Boles' and the wrongful death actions of her survivors.

On August 7, 2007, the Defendants filed their Motion to Dismiss, contending that the Estate's claims are barred by the applicable statute of limitations and by the principle of *res judicata*. The Estate argued that Mississippi Code Section 15-1-69, a savings statute, applies to this case and allowed the Estate to file this action within one year of the previous suit's dismissal. The Estate further argued that the filing of the first action against the Defendants tolled the applicable statute

4

of limitations and that the principle of *res judicata* is inapplicable.

This Court, in an order and opinion [26, 27] dated March 11, 2009, denied the Defendants' Motion to Dismiss. The Court ruled that Mississippi's savings statute applied to this cause of action and allowed the Plaintiff to file a new action within one year of the dismissal of the previous suit, as the previous suit was dismissed for "a matter of form," within the meaning of the savings statute. Estate of Eva Boles, 2009 U.S. Dist. LEXIS 19690 at *20-*21.

The Defendants now urge the Court to reconsider its opinion, pursuant to Rules 59(e) and 60(b), or in the alternative, to certify the issue for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

## II. Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Williamson Pounders Architects, P.C. v. Tunica County, 2008 U.S. Dist. LEXIS 55145, *2 (N.D. Miss. July 21, 2008) (citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)); Ellis v. Miss. Dep't of Health, 2009 U.S. Dist. LEXIS 11441, *2 (N.D. Miss. Feb. 5, 2009). "If the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is filed and served after that time, it falls under the more stringent Rule 60(b)." Williamson Pounders Architects, P.C., 2008 U.S. Dist. LEXIS 55145 at *2.

This Court entered an Order denying the Defendants' Motion to Dismiss on March 11, 2009. The Defendants filed their Motion for Reconsideration on March 25, 2009, within ten days of the

5

order. See FED. R. CIV. P. 6. Therefore, the Court will apply the standard applicable to motions under Rule 59(e).

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. FED. R. CIV. P. 59(e). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Ellis, 2009 U.S. Dist. LEXIS 11441 at *4 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). There are three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Williamson Pounders Architects, P.C. v. Tunica County, 2008 U.S. Dist. LEXIS 87680, *4 (N.D. Miss. Oct. 29, 2008).

This Court has considerable discretion in deciding whether to grant a motion for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." In re Pequeno, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted). A motion for reconsideration under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Ellis, 2009 U.S. Dist. LEXIS 11441 at *3 (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).

The Defendants raise two arguments in their Motion for Reconsideration. First, they argue that Tolliver v. Mladineo, 987 So.2d 989 (Miss. Ct. App. 2007), requires dismissal of the Plaintiff's cause of action. Second, they argue that the Fifth Circuit's Erie analysis requires dismissal of the Plaintiff's cause of action, in that the Erie doctrine presumes that the prevailing rule would be

6

adopted by Mississippi. The Defendants have not previously raised this Erie argument, despite the fact that they could, and should, have done so. As such, they may not now raise it in a motion for reconsideration under Rule 59(e).² Ellis, 2009 U.S. Dist. LEXIS 11441 at *3. Therefore, the Defendant's only argument for reconsideration is that Tolliver requires the dismissal of this case and the Court's failure to grant dismissal based on Tolliver was a clear error of law.

Indeed, the Defendants are correct that if the issue before the Court were whether a void complaint may toll the statute of limitations, Tolliver would not only be applicable, but would likely be determinative. However, the issue presently before the Court is whether Mississippi's savings statute saves a wrongful death action that an appellate court has rendered *void ab initio* because the administratrix lacked standing to file a wrongful death action as a result of the chancery court's lack of subject matter jurisdiction over the estate. Tolliver does not address that issue.

The holding in Tolliver applicable to the issues presented by this case is that "an amended

---

²The Defendants argue that the Court is required to make an "Erie guess" as to this issue that accords with the determinations of courts in other jurisdictions upon consideration of their respective states' savings statutes. The Fifth Circuit Court of Appeals has stated that "When state law provides no definitive answers to the question presented, [the court] must make an educated '*Erie* guess' as to how the Mississippi Supreme Court would resolve the issue." Travelers Cas. & Sur. Co. of Am., 542 F.3d 475, 482-83 (5th Cir. 2008) (citing Leonard v. Nationwide Mut. Ins. Co., 499 F.3d 419, 431 (5th Cir. 2007)). In making this guess, the Court defers "to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise." Id., 542 F.3d at 483 (citing Herrmann Holdings Ltd. v. Lucent Tech., Inc., 302 F.3d 552, 558 (5th Cir. 2002)). The Court "may consult a variety of sources, including the general rule on the issue, decisions from other jurisdictions, and general policy concerns." Id. (citing Audler v. CBC Innovis Inc., 519 F.3d 239, 249 (5th Cir. 2008)). Even if the specific question of law has not been addressed by a Mississippi court, the Court may consider "analogous Mississippi cases." Id. The Court does not express an opinion as to the outcome of an "Erie guess" analysis in this case, but the Court notes that the determination of courts in other jurisdictions as to the interpretation of their states' savings statutes is merely one factor that a district court is permitted to consider when making an "Erie guess" and is not necessarily determinative.

complaint filed in a case where the original complainant lacks standing cannot relate back to the filing of the original complaint, because a complaint cannot relate back to a nullity." Tolliver, 987 So.2d at 995-96. However, regardless of whether the first estate's complaint tolled the statute of limitations, the savings statute applies to save the Plaintiff's cause of action, and Tolliver simply does not address the application of the savings statute.

The savings statute states:

If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any part thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein.

MISS. CODE ANN. § 15-1-69.

The Mississippi Supreme Court's analysis as to whether a dismissal is for "a matter of form" focuses on the "content or substance of the record to determine the purpose or reason for" the dismissal. Marshall v. Kan. City S. Rys., 7 So.3d 210, 2009 Miss. LEXIS 106, *14-*15 (Miss. Mar. 5, 2009). Within the context of the savings statute, avoidance or defeat for lack of subject matter jurisdiction is avoidance or defeat for a matter of form. Ryan v. Wardlaw, 382 So.2d 1078, 1079 (Miss. 1980); Hawkins v. Scottish Union & Nat'l Ins. Co., 69 So. 710, 712 (Miss. 1915). Furthermore, "[s]tanding is an aspect of subject matter jurisdiction." Kirk v. Pope, 973 So.2d 981, 990 (Miss. 2007). Therefore, whether one looks to the Mississippi Supreme Court's holding that the chancery court which appointed the administratrix lacked subject matter jurisdiction over the first estate or to the Mississippi Supreme Court's resulting conclusion that Price therefore lacked standing to bring the wrongful death action, the first estate's cause of action was "avoided or

8

defeated... for [a] matter of form." MISS. CODE ANN. § 15-1-69; see also Nat'l Heritage Realty, Inc., 947 So. 2d at 249-54.

Defendants are essentially asking the Court to rule that the savings statute does not function to save a case that is time-barred at the time of filing the new action. Such a conclusion would be contrary to the purpose of Mississippi's savings statute.[3] The Mississippi Supreme Court has stated that the "true meaning" of the savings statute is: "Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute [of limitations] shall not prevent him from doing so, provided he follows it promptly, by suit within a year." Crawford v. Morris Transp., Inc., 990 So. 2d 162, 173-74 (Miss. 2008) (quoting Coffin v. Castle, 33 Mass. (1 Pick.) 383, 385-86 (1835)); see also Marshall, 2009 Miss. LEXIS 106 at *9-*10. Mississippi's savings statute is "highly remedial," and it "ought to be liberally construed." Hawkins, 69 So. at 713; Marshall, 2009 Miss. LEXIS 106 at *10. However, the plaintiff must have exercised good faith in filing the first action in the wrong court. Wertz v. Ingalls Shipbuilding, Inc., 790 So. 2d 841, 844 (Miss. Ct. App. 2000). This case exemplifies those principles. As such, the savings statute "saves" the Plaintiff's otherwise time-barred cause of action, and the Defendants' Motion for Reconsideration is denied.

### III. Motion to Certify for Interlocutory Appeal

For a district court to certify a question for interlocutory appeal, "the issue should involve

---

[3]Furthermore, the cases cited by the Defendants for this proposition in their Motion to Dismiss are distinguishable, as the Court explained in its earlier opinion. See Owens v Mai, 891 So. 2d 220 (Miss. 2005) (holding that dismissal for failure to properly serve is not dismissal for a matter of form within the meaning of the savings statute); Gray v. Mariner Health Cent., Inc., 2006 U.S. Dist. LEXIS 65725 (N.D. Miss. September 12, 2006) (holding that voluntary dismissal is not a matter of form within the meaning of the savings statute).

a controlling question of law as to which there is a substantial ground for difference of opinion and should be one where an immediate appeal from the order may materially advance the ultimate termination of the litigation." Warnock v. State Farm Mut. Auto. Ins. Co., 2008 U.S. Dist. LEXIS 102181, *9 (S.D. Miss. Dec. 17, 2008) (citing Swint v. Chambers County Comm'n, 514 U.S. 35, 46, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995)); see also 28 U.S.C. § 1292(b). Without a doubt, this issue involves a controlling question of law that could materially advance the ultimate termination of the litigation; if Mississippi's savings statute does not apply, the lawsuit may be time-barred. Therefore, the only remaining issue is whether there is a substantial ground for difference of opinion on the matter.

Defendants argue that there is substantial ground for difference of opinion as courts in other jurisdictions have come to contrary conclusions as to the application of their own states' savings statutes in similar circumstances. However, it is of no consequence to this case that Missouri, Kansas, Utah, Colorado, or any other state would choose not to apply its own savings statute in these circumstances. The issue in this case is whether Mississippi would apply its savings statute, and the Defendants have not presented any evidence that there is substantial ground for a difference of opinion as to that issue. As explained above, Mississippi courts have clearly stated that the savings statute is remedial in nature, that it is to be liberally construed, that standing implicates subject matter jurisdiction, and that dismissal for lack of subject matter jurisdiction is dismissal for a matter of form. See Ryan, 382 So.2d at 1079; Hawkins, 69 So. at 713. Certifying this issue for interlocutory appeal on the basis that the Defendants urge would be tantamount to holding that certification may be granted any time that one state's law differs from other states' laws.

The Defendants offer no other argument to support their contention that there is substantial

ground for difference of opinion on this issue.[4]  Therefore, the Defendants' motion for certification of this issue for interlocutory appeal is denied.

### IV. Conclusion

The Court finds no clear error of law in its previous order on the application of Mississippi's savings statute.  Thus, the Defendants' Motion for Reconsideration is **DENIED**.

The Court also finds that there is no substantial ground for a difference of opinion as to whether Mississippi's savings statute applies in these circumstances.  Therefore, the Defendants' Motion to Certify for Interlocutory Appeal is **DENIED**.

A separate order consistent with this opinion shall issue on this the 23rd day of June, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that the United States Supreme Court case cited by Defendants in their brief is of no value to the determination of this issue, in that the former action in that case was not defeated for "a matter of form" under Mississippi law. Meath v. Bd. of Comm'rs, 109 U.S. 268, 287-88, 3 S. Ct. 284, 27 L. Ed. 930 (1883).  Mississippi case law since 1883 has clarified that dismissal for either lack of subject matter jurisdiction or lack of standing is "a matter of form" within the meaning of Mississippi's savings statute. See Ryan, 382 So.2d at 1079; Kirk, 973 So.2d at 990.