IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

The Estate of Eva Boles by and
through Eliza Price, Administratrix
of the Estate of Eva Boles, for the use
and benefit of the Estate and wrongful
death beneficiaries of Eva Boles,                                        PLAINTIFF

vs.                                                                      Civil Action No. 4:07cv99-SA-DAS

National Heritage Realty, Inc.;
Mariner Health Care, Inc.; Paragon Health
Network, Inc., f/k/a Grancare, Inc.;
Evergreen Healthcare, Inc.; John Does 1
through 10; and Unidentified Entities 1
through 10 (as to Greenwood Health
and Rehabilitation Center),                                              DEFENDANTS

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to Rule 37 of the Federal Rules of Civil Procedure, moves the Court for an Order compelling Defendants to fully respond to *Plaintiff's Request for Production of Documents to Defendants* served upon Defendants on November 19, 2009.

*Certification*: As required by Rule 37(a)(2), the undersigned counsel for Plaintiff hereby certifies that Plaintiff has conferred in good faith with opposing counsel in an effort to resolve the discovery dispute about which the following motion is based, to no avail. *See* Good Faith Certificate, attached hereto as Exhibit "A".

Plaintiff respectfully moves the Court, pursuant to F.R.C.P. 37(q) and 34(b), to compel Defendant to fully respond to the following discovery requests. Plaintiff will continue in good faith to attempt to resolve these matters with Defendants, and should any resolution be reached without Court intervention prior to the hearing hereof, Plaintiff will inform the Court of such resolution in order to streamline the matter as much as

possible and/or resubmit this document, striking through those issues which were resolved subsequent to the filing of this motion.

I.  **Factual Background**

Eva Boles was admitted to Greenwood Health and Rehabilitation (f/k/a Heritage Manor Nursing Home a/k/a Heritage Healthcare-Greenwood) on or about June 24, 1996, specifically because she needed supervision of trained professionals. During her residency at the facility Ms. Boles suffered malnutrition, dehydration, weight loss, multiple falls, urinary tract and other infections, numerous fecal impactions and related complications, bone fractures, poor hygiene, burns, sepsis and other blood-borne infections, multiple pressure sores, and death.

Plaintiff contends that the nursing home was understaffed and that this understaffing led to inadequate supervision and care. Plaintiff propounded discovery requests based on the allegations in the Complaint. Defendants' responses were inadequate and contain invalid objections. All of the information requested is discoverable and should be produced without further delay.

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, which states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identify and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

F.R.C.P. 26(b)(1).

Defendants' attempts to thwart discovery and delay this case are without merit. Plaintiff's claims are based on the injuries suffered by Eva Boles as a result of Defendants' neglect and abuse. All of the discovery requested by Plaintiff is permissible under Rule 26, and Defendants should be compelled to produce the information set forth herein.

**II.      Plaintiff's Request for Production of Documents to Defendants**

Plaintiff served a Request for Production of Documents upon Defendants on November 19, 2009 (see attached Exhibit "B"). On December 16, 2009, Defendants served *Responses to Plaintiff's Requests for Production of Documents* (see attached Exhibit "C").

**REQUEST #2:** Mariner Health Care, Inc.'s General Ledgers for the years 2004 to the present.

**RESPONSE:** Defendants object to Request No. 2 because the information sought contains proprietary and confidential information. Defendants also object to this request on the grounds that the production of the general ledgers for 2004 to the present would be unduly burdensome and oppressive and would be cost prohibitive. Defendants further object to this request on the grounds that it exceeds the scope of permissible discovery, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST #3:** Defendants, National Heritage Realty, Inc.; Mariner Health Care, Inc.; Paragon Health Network, Inc. f/k/a Grancare, Inc.; and Evergreen Healthcare, Inc.'s Income Tax Returns for the years 2004 to the present.

**RESPONSE:** Defendants object to Request No. 3 because it exceeds the scope of permissible discovery, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that the information sought by the Plaintiff is proprietary and confidential.

**III.     Letter of Donna M. Ingram, CPA, PC:**

On December 28, 2009, Plaintiff filed its Designation of Expert Witnesses. Plaintiff's Designation of Expert Witnesses attached, among other things, a letter from

Donna M. Ingram, CPA, PC dated December 4, 2009 (see attached Exhibit "D"), wherein Ms. Ingram sets forth the documents she requires in order to conduct a thorough review of the Defendants' financial operations and report on their financial condition and net worth.

**Reason for Compelling:** Plaintiff requested financial information of Defendants, specifically Mariner Health Care, Inc.'s General Ledgers for the years 2004 to the present; and National Heritage Realty, Inc., Mariner Health Care, Inc., Paragon Health Network, Inc. f/k/a Grancare, Inc., and Evergreen Healthcare, Inc.'s Income Tax Returns for the years 2004 to the present.

Plaintiff has pled a claim for malice and/or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of Eva Boles as to all Defendants. Mississippi's punitive damages statute, Miss. Code Ann. § 11-1-65(1)(e), requires that a jury consider the following factors in the punitive phase:

a. The Defendants' financial condition and net worth;
b. The nature and reprehensibility of the Defendants' wrongdoing, for example, the impact of the Defendants' conduct on the Plaintiff, or the relationship of the Defendant to the Plaintiff;
c. The Defendants' awareness of the amount of harm being caused and the Defendants' motivation in causing such harm;
d. The duration of the Defendants' misconduct and whether the Defendants attempted to conceal such misconduct; and
e. Any other circumstances shown by the evidence that bear on determining a proper amount of punitive damages.

Here, the various financial data requested will assist Plaintiff in establishing the Defendants' financial condition and net worth. If Plaintiff cannot discover this information, the jury will not be able to consider the information needed pursuant to Miss. Code Ann. § 11-1-65(1)(e) in the punitive phase of the case, if a punitive phase is warranted. The Mississippi Supreme Court agrees that this information is discoverable:

4

> The plaintiff seeks punitive damages in the case at bar. Therefore, the interrogatories should not have been suppressed as their admissibility into evidence would depend upon whether or not the issue of punitive damages was sufficiently established to be submitted to the jury.

*Fowler v. King,* 179 So.2d 800, 805-06 (Miss. 1965). Accordingly, the requested information in this matter is necessary and discoverable in order to prepare for the punitive phase of the trial should Plaintiff be allowed to proceed to this phase.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an order compelling Defendants to respond to Plaintiff's discovery within ten (10) days of entry of said Order as well as such other and further relief this Court deems proper.

Respectfully submitted,

The Estate of Eva Boles by and
through Eliza Price, Administratrix
of the Estate of Eva Boles, for the use
and benefit of the Estate and wrongful
death beneficiaries of Eva Boles,

WILKES & MCHUGH, P.A.


/s/ A. Lance Reins
A. Lance Reins, Esquire
Mississippi Bar No. 101031
One N. Dale Mabry Hwy., Suite 800
Tampa, FL 33609
Telephone:    813-873-0026
Facsimile:    813-286-8820
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Sharon Moncure Mangum, Esquire*
*smangum@wilkins-law.com*

/s/ A. Lance Reins
Attorney for Plaintiff