IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF EVA BOLES, BY AND
THROUGH ELIZA PRICE, ADMINISTRATRIX
OF THE ESTATE OF EVA BOLES, FOR THE
USE AND BENEFIT OF THE ESTATE OF
EVA BOLES, AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF EVA BOLES                                                    PLAINTIFFS

VS.                                         CIVIL ACTION NO. 4:07-CV-099-SA-DAS

NATIONAL HERITAGE REALTY, INC.;
Mariner Health Care, Inc. HEALTH CARE, INC.; PARAGON
HEALTH NETWORK, INC. F/KA GRANCARE, INC.;
EVERGREEN HEALTHCARE, INC.; JOHN DOES 1
THROUGH 10; AND UNIDENTIFIED ENTITIES
1 THROUGH 10 [AS TO GREENWOOD HEALTH &
REHABILITATION CENTER]                                                        DEFENDANTS

ORDER GRANTING EMERGENCY MOTION
TO PLACE COURT RECORD UNDER SEAL

THIS CASE having come before the Court upon the defendants' emergency motion to place court record under seal, and the Court having considered the pleadings filed with respect to this matter and having been otherwise fully advised in the premises finds that the motion should be granted for the reasons set forth below.

The defendants' motion requests that the plaintiffs' Reply supporting their motion to compel [Document 79] be placed under seal. The plaintiffs Reply contains sensitive financial information relating to the defendants. .

The Court is called upon to apply a balancing test to weigh the defendants' interest in not having the information disclosed against the interest of the public in having access to judicial records. *See Sec. & Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

The case at bar involves allegations of negligence against the defendants for alleged breaches of the standard of care at a nursing home. The plaintiffs allege that these alleged breaches caused injuries to Eva Boles and ultimately led to Eva Boles' death. At present, the evidence has no bearing on the outcome of the case. For that reason, the public has little to no interest in the information contained within the Reply.

The Court finds that the defendants have a significant interest in obtaining an order placing the plaintiffs' Reply under seal. As observed in this Court's local rule, information filed with this court on its electronic system, becomes "available to the world, openly, publicly, and near-instantaneously." *See* Local Uniform Civ. R. 5.2. The defendants are privately held corporations, and their financial condition is not required to be made public. Information of this nature is without question private and confidential.

For all of the foregoing reasons, the Court hereby grants the defendants' emergency motion to place document under seal.

It is therefore ordered that the plaintiffs' Reply supporting their motion to compel [Document 79] and the exhibits attached thereto are hereby placed under seal.

It is further ordered that the Clerk of this Court shall take whatever steps are necessary to make the Reply [Document 79] and all of its exhibits unavailable to the public in any form, including in its electronic form on the Court's electronic filing system.

SO ORDERED THIS THE 16th DAY OF APRIL, 2010.

/s/David A. Sanders
UNITED STATES MAGISTRATE JUDGE