IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE ESTATE OF EVA BOLES By And
Through ELIZA PRICE, Administratrix
of THE ESTATE OF EVA BOLES For The
Use And Benefit Of The Wrongful Death
Beneficiaries of EVA BOLES**           **PLAINTIFF**

**V.**          **CIVIL ACTION NO. 4:07cv99-SA-DAS**

**NATIONAL HERITAGE REALTY, INC., ET AL.**     **DEFENDANTS**

## ORDER

By Order (# 94) dated March 29, the court granted the plaintiff's motion to compel and required that the defendants produce tax returns, financial statements, and their general ledger from 2004 to the present. However, by Order (# 102) dated April 12 and pursuant to agreement of the parties, by April 19 the defendants were to produce only the unaudited financial statements and tax returns from 2004 to the present. The defendants' obligation to produce their general ledger was stayed pending further order of the court. This was done to allow the plaintiff an opportunity to determine whether this information would satisfy the plaintiff's requests for production of documents which were the subject of the motion to compel.

During a status conference conducted by the undersigned on April 26, the court determined that the defendants' submission to the plaintiff did not satisfy the plaintiff's discovery requests and that defendants' general ledger should be produced. The court relied in part upon a report submitted by the plaintiff's expert which indicated, among other things, that there was inadequate explanation for some of the information presented. Moreover, defense counsel was again unable to provide the court with any alternatives that would satisfy the plaintiff's discovery requests short of producing the defendants' entire general ledger for a six year period.

In response to the court's question regarding the effort and expense required to produce the defendants' general ledger in electronic form, defense counsel merely contended that it would require "hundreds of hours" of work and involve great expense because it would be forced to review the ledger line by line to identify confidential information, namely settlements that are the subject of confidentiality agreements. Certainly the court is aware that the production will entail some degree of cost and effort; however, the court is not persuaded by this statement alone that electronic production will present the tremendous burden and expense alleged by the defendants. Again, the defendant has produced no details as to what specifically it will be required to do except a line by line examination. Such an examination may be done much more efficiently in electronic format, and the defendant has provided no explanation as to why this cannot be done. Furthermore, plaintiff's counsel has stated on the record that the plaintiff is willing to bear the reasonable cost of reviewing, retrieving and production of this information.

Therefore, consistent with the court's March 29 ruling granting the plaintiff's motion to compel, it is

**ORDERED:**

1. That the April 12 STAY (# 102) of the defendants' obligation to produce their general ledger from 2004 to the present is hereby lifted.

2. That within 14 days of this date, the defendants shall produce their general ledger from 2004 to the present in electronic form to the plaintiff.

3. That any information regarding the terms of settlements that are the subject of confidentiality agreements or protective orders may be redacted. Of course, this provision does not limit the parties' ability to enter into any agreement with regard to redaction of any other

confidential or sensitive information.

      4. That the plaintiff shall bear the reasonable cost of production of this information, and the defendant shall file with the court an itemization of costs and expenses associated with said production. And, within 14 days of this filing, the plaintiff may file any objections.

      **THIS,** the 27th day of April, 2010.

                                     **/s/ David A. Sanders**
                                       **U. S. MAGISTRATE JUDGE**