**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**THE ESTATE OF EVA BOLES**                                                                   **PLAINTIFF**

**V.**                                                                            **CIVIL ACTION NO. 4:07-CV-99-SA-DAS**

**NATIONAL HERITAGE REALTY, INC., et al.**                            **DEFENDANTS**

## ORDER

Plaintiff filed this action on June 25, 2007, in the Greenville Division of this Court. On February 9, 2010, the Court gave notice that the trial of this matter would begin on August 23, 2010, in Aberdeen, Mississippi. Plaintiff subsequently filed its Motion for Change of Venue [109], on April 23, 2010, which the Court now addresses.

Plaintiff argues that if this matter is tried in Aberdeen, it will be unable to present testimony from a majority of its key witnesses, who live in or around Greenwood, Mississippi, and would face financial and logistical hardship in traveling to Aberdeen. Plaintiff further argues that trial subpoenas issued by the Court will be insufficient to cure this alleged prejudice.

Plaintiff maintains that the Court should apply the multi-factor test of In re Volkswagen of America, Inc., 545 F.3d 304 (5th Cir. 2008), in determining the outcome of this motion. However, this Court and the Fifth Circuit Court of Appeals have explicitly stated that "[a] 'strong showing of prejudice' is required to justify an intradistrict transfer." United States v. Gourley, 168 F.3d 165, 168 (5th Cir. 1999); see also United States v. Duncan, 919 F.2d 981, 985 (5th Cir. 1990); Johnson v. Lewis, 645 F. Supp. 2d 578, 586 (N.D. Miss. 2009) (holding that the "strong showing of prejudice" standard applies to intradistrict civil transfers). In support of its motion, Plaintiff has offered nothing more than unsubstantiated assertions of potential prejudice. This is insufficient to justify an intradistrict transfer. Duncan, 919 F.2d at 985 (absent evidence to support defendants'

assertions of prejudice, a district court is within its discretion to deny a transfer); see also Gourley, 168 F.3d at 171 (inconvenience posed by requiring criminal defendant's witnesses who resided in Houston, Texas, to travel to Laredo, Texas, for trial - a distance of approximately 350 miles - was "minimal at best in this age of convenient travel, communication, discovery, and trial testimony preservation.") (quoting Smith v. Colonial Penn Ins. Co., 943 F. Supp. 782, 784 (S.D. Tex. 1996)).

This Court has "broad discretion in deciding whether to order a transfer." Johnson, 645 F. Supp. 2d at 586 (quoting In re Volkswagen, 545 F.3d at 311). The Court has previously given extensive consideration to its policy of randomly assigning cases and requiring parties to appear for trial at the duty station of the judge assigned to their case. Id. at 580-86. In the present case, Plaintiff has not met the required burden for an intradistrict transfer. Accordingly, the Court denies Plaintiff's Motion for Change of Venue [109].

The Court further notes that another matter is currently scheduled for trial in Greenville, Mississippi, on the day that the trial of this matter is scheduled to begin. Transferring venue to Greenville would require a continuance of trial. This case has been on the Court's docket for almost three years, in addition to its extensive procedural history in the state courts. The Court will not further delay the disposition of this matter.

So ordered on this, the 20th day of May, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**