IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF EVA BOLES BY AND
THROUGH ELIZA PRICE, ADMINISTRATRIX
OF THE ESTATE OF EVA BOLES, FOR THE
USE AND BENEFIT OF THE ESTATE OF
EVA BOLES, AND FOR THE USE AND BENEFIT
OF THE WRONGFUL DEATH BENEFICIARIES
OF EVA BOLES                                                                                    PLAINTIFF

VS                                        CIVIL ACTION NUMBER: 4:07-CV-099-SA-DAS

NATIONAL HERITAGE REALTY, INC.;
MARINER HEALTH CARE, INC.;
PARAGON HEALTH NETWORK, INC. F/K/A
GRANCARE, INC.; EVERGREEN HEALTHCARE,
INC.; JOHN DOES 1 THROUGH 10; AND
UNIDENTIFIED ENTITIES 1 THROUGH 10 [AS TO
GREENWOOD HEALTH & REHABILITATION CENTER]                    DEFENDANTS

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing confidential information and witness testimony containing confidential information. Accordingly, the parties hereby agree to enter into this Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation") to govern the production of documents and testimony that contains confidential information and agree to be mutually bound by its terms.

**Definition**

1.  "Confidential Information" means information in written, oral, electronic or other form, whether it be a document, information contained in or derived from a document, information revealed during a deposition, or information revealed in responding to a discovery request, that:

    (a)  a party or person believes, in good faith, reveals business, competitive, proprietary, trade

1

secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), including patient health information deemed confidential under applicable federal and state statutes, rules, regulations and common law principles including, without limitation, the privacy and security provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations; and

(b) a party or person designates as "Confidential" in accordance with this Confidentiality Stipulation.

## Designation of Confidential Information

2. *Designation of Tangible Material*. Documents and other tangible material claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Confidentiality Stipulation.

## Access to Confidential Information

3. *No Copies/Notes*. Any and all copies made of any document designated as "confidential" shall be either destroyed or returned to defense counsel at the conclusion of this litigation.

## Use of Confidential Information

4. *Use in this Litigation Only*. Confidential Information may be used only for purposes of this litigation.

5. *Use at Court Hearings and Trial*. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including, but

not limited to, removal from the courtroom of persons not authorized by this Confidentiality Stipulation to receive Confidential Information. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

### **Other Provisions**

6. *Return/Destruction After Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information. Alternatively, as to work product that reflects or refers to Confidential Information, if outside counsel desires to destroy the other party's Confidential Information in lieu of returning it, outside counsel shall supervise and certify in writing to the party who furnished the Confidential Information the destruction within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court.

7. *Continuing Obligation*. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Confidentiality Stipulation. The Court shall retain jurisdiction to enforce the terms of this Confidentiality Stipulation. Every person who receives confidential information submits himself or herself to the personal jurisdiction of this Court for the enforcement of the Confidentiality Stipulation.

8. *Miscellaneous.* This Confidentiality Stipulation may be used to protect the confidentiality of the residential addresses and social security numbers of any and all current or former employees of Mariner, its parent, subsidiary or affiliate corporations, its successors-in-interest and predecessors-in-interest, and its employees, agents and representatives. This Confidentiality Stipulation is without prejudice of the right of any party to oppose the admissibility of any of the items produced.

9. *Effective Date*. This Confidentiality Stipulation shall serve as a stipulation and agreement between the parties, and shall be effective immediately upon signature by counsel for all parties.

10. *General Ledger.* That the Defendants are to redact from the General Ledger all sums paid to settle claims that are subject to a confidentiality order or stipulation.

11. *General Ledger.* That the Defendants are to redact all sums paid to defense counsel.

12. *General Ledger.* That Plaintiffs' counsel is prohibited from revealing the contents of the General Ledger to any other person, including Plaintiffs, except for the Plaintiffs' retained financial expert witness, and instructed to keep the information strictly confidential until such time as the information may be offered into evidence at trial.

So stipulated and agreed this 26th day of May, 2010.

/s/ David A. Sanders
United States Magistrate Judge

| | |
|---|---|
| /s/ A. Lance Reins | /s/ Sharon Moncure Mangum |
| A. Lance Reins, Esquire | L. Carl Hagwood, Esquire |
| Wilkes & McHugh, P.A. | Sharon Moncure Mangum, Esquire |
| One North Dale Mabry Highway | Wilkins Tipton, P.A. |
| Suite 800 | One LeFleur's Square |
| Tampa, Florida  33609 | 4735 Old Canton Road |
| | Post Office Box 13429 |
| | Jackson, Mississippi 39236-3429 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |