IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF EVA BOLES By And
Through ELIZA PRICE, Administratrix
of THE ESTATE OF EVA BOLES For The
Use And Benefit Of The Wrongful Death
Beneficiaries of EVA BOLES                                       PLAINTIFF

V.                                              CIVIL ACTION NO. 4:07cv99-SA-DAS

NATIONAL HERITAGE REALTY, INC., ET AL.                   DEFENDANTS

## ORDER

Before the court are an emergency motion [#138] and amended emergency motion [#141] by the defendants to stay production of the general ledger this court originally required produced by Order dated March 29, 2010. In the first motion [# 138], the defendants seek a stay of the production pending a ruling on their motion [# 134] to alter or amend the district judge's ruling affirming the court's order requiring the production. In the alternative, the defendants seek four to six weeks to produce the general ledger in paper form and request an order requiring the plaintiff to deposit $30,000.00 into the registry of the court to cover production costs. The defendants maintain that despite transfer of the information to DVD's, it will have to be printed, watermarked, and Bates-labeled. The defendants have failed to provide any information in the form of affidavits of IT personnel or otherwise, substantiating these statements. In their amended motion [# 141], the defendants state that their counsel has received a copy of the general ledger on DVD's and that the total cost of production is estimated at $292,296.07. The defendants now seek an order requiring that the plaintiff deposit this amount into the registry of the court to cover the cost of production. In support of this motion, the defendants provide a

copy of an estimate from a copying company and state that this company has already begun the copying process.

First, the defendants have failed to satisfy the court that the general ledger cannot be produced to the plaintiff on DVD or in some other electronic format with the necessary redactions included. Furthermore, because this court ordered that the subject information be produced in electronic form, the court is not swayed by the defendants' claims that they have already begun to incur copying costs. Nevertheless, because the motion now before the district judge is potentially dispositive of the punitive damages issue, the court believes it would be prudent to stay production of the general ledger until the district judge has addressed the defendants' motion to alter or amend ruling [# 137].

**THEREFORE, IT IS ORDERED** that the defendants' original motion [#138] is terminated and their amended motion [#141] is granted in part and denied in part, and production of the general ledger is hereby **STAYED** pending a ruling by the district judge on the defendants' motion [#134].

**IT IS FURTHER ORDERED** that the plaintiff shall not be liable for any costs heretofore incurred by the defendants in relation to production of the general ledger that are not consistent with an order of this court.

**THIS,** the 14th day of June, 2010.

/s/ **David A. Sanders**
**U. S. MAGISTRATE JUDGE**