**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

THE ESTATE OF EVA BOLES by and through
Eliza Price, Administratrix of the Estate of Eva Boles,
for the use and benefit of the Estate and wrongful death
beneficiaries of Eva Boles                                                                       **PLAINTIFF**

V.                                                               CIVIL ACTION NO. 4:07-CV-99-SA-DAS

NATIONAL HERITAGE REALTY, INC., et al.                                         **DEFENDANTS**

## MEMORANDUM OPINION

Currently pending before the Court is Defendants' Motion to Alter Judgment [134]. For the reasons stated below, the motion is denied.

On February 9, 2010, Plaintiff filed its Motion to Compel [64], seeking production of certain financial records. The Magistrate Judge granted Plaintiff's Motion to Compel in whole, requiring Defendants to produce the financial records and requiring Plaintiff to pay all reasonable costs and expenses incurred by Defendants in responding to the discovery request. Defendants objected to the Magistrate Judge's decision. The Court affirmed the Magistrate Judge's decision on May 20, 2010 [129, 130].

Defendants now seek amendment of the Court's decision affirming the Magistrate Judge's order. They argue that an amendment to the Court's earlier decision is justified pursuant to either Rule 59(e) or Rule 60(b), based on new evidence of which they were previously unaware. The evidence to which Defendants refer is a stipulation entered in a bankruptcy proceeding approximately eight years ago.

On January 18, 2000, Defendants filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. They filed a plan of reorganization with the

bankruptcy court on February 1, 2002. A group of tort claimants represented by Plaintiff's counsel (the "Wilkes & McHugh Tort Claimants") advised Defendants that they planned to object to the reorganization plan. Accordingly, on March 25, 2002, the bankruptcy court approved a stipulation by Defendants and the Wilkes & McHugh Tort Claimants, in which said parties agreed:

> With respect to any Wilkes & McHugh Tort Claimant . . . who has not obtained a stipulation modifying the automatic stay on or before the Confirmation Date, as of the "Stay Relief Date" applicable to such Wilkes & McHugh Tort Claimant (as defined below), the automatic stay imposed by section 362 of the Bankruptcy Code and any injunction arising as a result of the confirmation of the Plan . . . shall be modified to permit such Wilkes & McHugh Tort Claimant and the Debtors to prosecute and defend against any action filed in any non-bankruptcy court by such Wilkes & McHugh Tort Claimant on account of any claim (whether arising pre-Petition Date or post-Petition Date) until settlement or final judgment has been reached...

Therefore, the claims of those tort claimants who entered into the stipulation - including the claims of "The Estate of Eva Boles by and through Eliza Price, Administratrix" - were exempted from the discharge of the bankruptcy court's order approving the plan of reorganization.

Defendants argue that the bankruptcy stipulation conclusively establishes that Plaintiff can not recover punitive damages in this case. Defendants claim that they did not present this argument earlier because they were required to obtain other counsel who were more knowledgeable about the bankruptcy proceedings in question and their effect on the present matter.

A.   *Rule 59(e)*

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. FED. R. CIV. P. 59(e). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Knight v. Kellogg Brown & Root Inc., 333 F. App'x 1, 8 (5th Cir.

2009) (citing Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)) (punctuation omitted).

There are three grounds for granting a motion to alter or amend under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." Benjamin Moore & Co. v. Borden, 318 F.3d 626, 629 (5th Cir. 2002); see also McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 537 (5th Cir. 2010). "[A]n unexcused failure to present evidence available at the time of . . . judgment provides a valid basis for denying a subsequent" Rule 59(e) motion. Knight, 333 F. App'x at 8 (quoting Templet, 367 F.3d at 478-79).

Plaintiff filed its original complaint in state court on January 28, 2002. The bankruptcy stipulation was entered on March 25, 2002, and the Bankruptcy Court's order discharging the claims which were not preserved was entered on April 3, 2002. Approximately eight years later, Defendants appealed the Magistrate Judge's decision on the Motion to Compel on April 8, 2010. Further, Defendants presented a virtually identical argument concerning the stipulation's failure to preserve a wrongful death claim before the Mississippi Court of Appeals at least four years ago, albeit with a different claimant. See Estate of Perry v. Mariner Health Care, Inc., 927 So. 2d 762, 766-67 (Miss. Ct. App. 2006). Indeed, the same law firms which represent the parties in the present matter were counsel of record in that case. Id. at 762. Furthermore, the bankruptcy stipulation made its first appearance in this matter in Defendants' Motion for Partial Summary Judgment on April 23, 2010 - before briefing had been completed on the objection to the Magistrate's order. Therefore, even if Defendants were unaware of the purported implications of the bankruptcy stipulation before they objected to the Magistrate's order - a proposition belied by their arguments in the Perry matter -

they could have presented their arguments concerning the stipulation before briefing was completed on the objection.

The only explanation Defendants have provided for their failure to bring the bankruptcy stipulation to the Court's attention earlier in this matter is the complexity of the bankruptcy proceedings and the need to associate other counsel. However, all of the above-cited facts lead the Court to the indisputable conclusion that Defendants were aware of the bankruptcy stipulation's existence and knew of its potential implications before the Court rendered its decision on their objection to the Magistrate Judge's decision. Defendants have not presented any legitimate explanation for their failure to raise the issue earlier, and the Court denies their Motion to Alter or Amend pursuant to Rule 59(e). See Knight, 333 F. App'x at 8 (where party failed to adequately explain why they did not present evidence earlier, district court did not abuse its discretion when it denied Rule 59(e) motion); Grey v. Dallas Indep. Sch. Dist., 265 F. App'x 342, 348 (5th Cir. 2008) (where evidence was available to party at time of judgment, district court did not abuse its discretion when it denied Rule 59(e) motion).

**B.     *Rule 60(b)***

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or
>
>  (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A Rule 60(b) motion may also be used "to rectify an obvious error of law, apparent on the record." Benson v. St. Joseph Reg'l Health Ctr., 575 F.3d 542, 547 (5th Cir. 2009). "The cases show that although the courts have sought to accomplish justice, they have administered Rule 60(b) with a scrupulous regard for the aims of finality." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2857 (2d ed. 2010). Moreover, relief under 60(b) is "extraordinary[,] . . . and the requirements of the rule must be strictly met." Longden v. Sunderman, 979 F.2d 1095, 1102 (5th Cir. 1992).

Defendants argue that relief from the Court's prior decision is appropriate pursuant to both Rule 60(b)(4) and Rule 60(b)(6). However, when a party requests reconsideration pursuant to Rule 60(b) on the basis of evidence that was available prior to the Court's determination yet was not timely submitted, it "must proceed under either Rule 60(b)(1), providing for reconsideration upon mistake, inadvertence, surprise or excusable neglect, or Rule 60(b)(6), providing for reconsideration upon any other reason that justifies relief." Great Lakes Reinsurance (UK), PLC v. Durham Auctions, Inc., 2008 U.S. Dist. LEXIS 77883, *4-*5 (S.D. Miss. June 16, 2008) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)); see also Knapp v. Dow Corning Corp., 941 F.2d 1336, 1338 (5th Cir. 1991). As the Court explained above, it is indisputable that the bankruptcy stipulation was available to Defendants prior to the Court's

5

determination.  Accordingly, the Court will only address Defendants' Rule 60(b)(6) argument.[1]

Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002). Motions under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." Id. (citing Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995)); see also Munoz v. Fortner, 308 F. App'x 816, 818 (5th Cir. 2009).  Under Rule 60(b)(6), Plaintiffs "need not show excusable neglect in order to prevail," but "the newly-submitted evidence must establish a fact 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" Lavespere, 910 F.2d at 173 (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).

Defendants' argument concerning the bankruptcy stipulation, if it were accepted by the Court, would indeed be central to the Court's decision regarding the Magistrate Judge's order compelling production of the general ledgers.  Defendants argue that any claim for punitive damages asserted by Plaintiff was discharged in the bankruptcy.  If Plaintiff had no viable claims for punitive

---

[1]It does not appear, though, as if Defendants' Rule 60(b)(4) argument would be successful.  Rule 60(b)(4) allows a district court to set aside a judgment if it lacked subject matter jurisdiction or personal jurisdiction, or if it acted inconsistent with due process. Jackson v. Thaler, 348 F. App'x 29, 33 (5th Cir. 2009) (citing Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003)).  "[A] Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a clear usurpation of power or total want of jurisdiction." Id. While the Fifth Circuit has acknowledged that other jurisdictions have read the 60(b)(4) standard "more broadly to encompass the 'failure to follow relevant law,'" it has not explicitly adopted such a standard. Haygood v. Quarterman, 2008 U.S. App. LEXIS 17182, *8-*9 (5th Cir. Aug. 8, 2008) (quoting Carter v. Fanner, 136 F.3d 1000, 1006 (5th Cir. 1998)).
   Defendants do not argue that the Court's affirmation of the Magistrate Judge's order was void because the Court lacked jurisdiction or authority to render it.  Rather, Defendants argue that the estate which entered into the bankruptcy stipulation was void, thereby making the stipulation ineffective as to Plaintiff's claims.  Consequently, Rule 60(b)(4) affords them no relief.

damages, the general ledgers would be irrelevant. However, the Court has not had an appropriate opportunity to fully address Defendants' argument, nor have the parties sufficiently briefed the issue, given the piecemeal fashion in which Defendants have pursued arguments based on the bankruptcy stipulation. First, Defendants argued in their Motion for Partial Summary Judgment that Plaintiff's wrongful death claim was not preserved in the stipulation. See Motion for Partial Summary Judgment, Estate of Boles v. Nat'l Heritage Realty, Inc., No. 4:07-CV-99 (N.D. Miss. Apr. 23, 2010), Docket [111]. Defendants then expanded the scope of the motion, arguing that neither the wrongful death claims nor the survival claims were preserved. See Rebuttal Supporting Defendants' Motion for Partial Summary Judgment, Estate of Boles v. Nat'l Heritage Realty, Inc., No. 4:07-CV-99 (N.D. Miss. May 21, 2010), Docket [131]. Defendants then sought leave to file an untimely motion for summary judgment on the basis that the stipulation was ineffective as to Plaintiff's claims insofar as it was entered into by a void estate. See Motion for Leave to File Dispositive Motion after Deadline, Estate of Boles v. Nat'l Heritage Realty, Inc., No. 4:07-CV-99 (N.D. Miss. May 28, 2010), Docket [135]. Finally, Defendants make the same argument in the present motion that they sought leave to make in an untimely manner.

The present motion is not the appropriate mechanism for such a decision, and the parties have not sufficiently briefed the issue, in any case. Therefore, while Defendants have presented an issue that may indeed be central to this case, they have done so in a manner which has prevented the parties and the Court from giving it the research and consideration proper to its potential impact, despite having been aware of the existence of the stipulation for over eight years and having made a similar argument in state court over four years ago. Thus, Defendants have not shown that this case presents the sort of extraordinary circumstances which merit relief under 60(b)(6), or that the

Court must alter or amend its previous ruling to prevent manifest injustice.

For the reasons stated above, the Court denies Defendants' Motion to Alter or Amend [134].

A separate order consistent with this opinion shall issue on this, the 9th day of July, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**