IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF EVA BOLES by and through
Eliza Price, Administratrix of the Estate of Eva Boles,
for the use and benefit of the Estate and wrongful death
beneficiaries of Eva Boles                                                    **PLAINTIFF**

V.                                              CIVIL ACTION NO. 4:07-CV-99-SA-DAS

NATIONAL HERITAGE REALTY, INC., et al.                          **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Partial Summary Judgment [111]. For the reasons stated below, the motion is granted in part and denied in part.

## I. BACKGROUND

This is a wrongful death and survival action by the Estate of Eva Boles against various entities that were responsible for the operation of the facility in which Boles resided for approximately four and a half years prior to her death. Plaintiff alleges negligence, gross negligence, medical malpractice, fraud, and breach of fiduciary duty. This action was brought by Eliza Price, the administratrix of the Estate and second cousin of Eva Boles, for the benefit of the Estate and the wrongful death beneficiaries of Eva Boles.

The Court has previously given detailed recitations of the background of this case. See Estate of Boles v. Nat'l Heritage Realty, Inc., 2009 U.S. Dist. LEXIS 55825 (N.D. Miss. June 23, 2009); Estate of Boles v. Nat'l Heritage Realty, Inc., 2009 U.S. Dist. LEXIS 19690 (N.D. Miss. Mar. 11, 2009). As much of the case's background is immaterial to the present motion, the Court will not repeat the lengthy history of the matter. However, since the Court released the above-cited opinions, details concerning Defendants' past bankruptcy proceedings have entered the record.

On January 18, 2000, Defendants filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. They filed a plan of reorganization with the bankruptcy court on February 1, 2002. A group of tort claimants represented by Plaintiff's counsel (the "Wilkes & McHugh Tort Claimants") advised Defendants that they planned to object to the reorganization plan. Accordingly, on March 25, 2002, the bankruptcy court approved a stipulation by Defendants and the Wilkes & McHugh Tort Claimants, in which said parties agreed:

> With respect to any Wilkes & McHugh Tort Claimant . . . who has not obtained a stipulation modifying the automatic stay on or before the Confirmation Date, as of the "Stay Relief Date" applicable to such Wilkes & McHugh Tort Claimant (as defined below), the automatic stay imposed by section 362 of the Bankruptcy Code and any injunction arising as a result of the confirmation of the Plan . . . shall be modified to permit such Wilkes & McHugh Tort Claimant and the Debtors to prosecute and defend against any action filed in any non-bankruptcy court by such Wilkes & McHugh Tort Claimant on account of any claim (whether arising pre-Petition Date or post-Petition Date) until settlement or final judgment has been reached...

Accordingly, the claims of those tort claimants who entered into the stipulation - including the claims of "The Estate of Eva Boles by and through Eliza Price, Administratrix" - were exempted from the discharge of the bankruptcy court's order approving the plan of reorganization.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 F. App'x 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows that there is no genuine issue of material fact, the nonmovant must "go

2

beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

### III. DISCUSSION

*A.  Bankruptcy Stipulation*

First, Defendants argue that Plaintiff is barred from pursuing any wrongful death claims because they were not preserved by the stipulation entered during Defendants' bankruptcy proceedings. Defendants argue that the stipulation only preserved the claims of the Estate, rather than preserving the claims of the Estate and the wrongful death heirs.

The Mississippi Court of Appeals addressed this exact issue in Estate of Perry v. Mariner Health Care, Inc., 927 So. 2d 762 (Miss. Ct. App. 2006), a nursing home case involving the same Defendants and the same bankruptcy stipulation as the present case. Vader Perry was admitted to

3

a nursing home in November 1999, and she died in February 2000. Id. at 764. In November 2001, Perry's estate, by and through her daughter, Betty Rayburn, administratrix of Perry's Estate, for the use and benefit of Perry's estate and wrongful death beneficiaries, filed a complaint in state court alleging negligence, medical malpractice, gross negligence, fraud, breach of fiduciary duty, wrongful death, and survival claims. Id. Prior to trial, Defendants filed a motion in limine to bar Rayburn from pursuing the wrongful death claim. Id. at 765. Defendants argued - as they do here - that the claims of the wrongful death beneficiaries were not preserved by the stipulation and were therefore discharged in the bankruptcy. Id. The trial court agreed and dismissed Rayburn's claim on behalf of the wrongful death beneficiaries. Id.

On appeal, Rayburn argued that she, as Perry's personal representative, was entitled to pursue a wrongful death claim and that she was expressly named in the stipulation. Id. at 766. The Mississippi Court of Appeals agreed that Rayburn had standing to bring a wrongful death action. Id. It noted that the "wrongful death statute specifically states that the action may be brought in the name of the personal representative 'for the benefit of all persons entitled under the law to recover.'" Id. (citing MISS. CODE ANN. § 11-7-13). However, the court further noted that the stipulation entered during the bankruptcy proceedings only preserved the claims of "The Estate of Vader I. Perry by and through Betty Rayburn, Administratrix." Id. at 767. The stipulation did not preserve claims "for the use and benefit of the wrongful death beneficiaries of Vader I. Perry." Id. The court noted that "a number of the other stipulations in the bankruptcy order include[d] claims specifically stating that they were brought for the use and benefit of the wrongful death beneficiaries, or other language to that effect." Id. Accordingly, the Mississippi Court of Appeals found no error in the trial court's dismissal of the wrongful death claims. Id.

4

In the present case, Plaintiff argues that the administratrix of an estate has standing to bring wrongful death claims on behalf of the wrongful death beneficiaries. Plaintiff is correct. See Burley v. Douglas, 26 So. 3d 1013, 1018 (Miss. 2009). However, whether Eliza Price has standing to bring a wrongful death action is a distinct issue from whether the wrongful death action was exempted from discharge. The bankruptcy stipulation preserved the claims of "The Estate of Eva Boles by and through Eliza Price, Administratrix." It did not include an exemption for those claims brought "for the use and benefit of the wrongful death beneficiaries of Eva Boles." See Long v. McKinney, 897 So. 2d 160, 175 (Miss. 2004) (where personal representative appeared only as individual and on behalf of all wrongful death beneficiaries, estate was not a party to litigation); Pannell v. Guess, 671 So. 2d 1310, 1315 (Miss. 1996) (where an administrator of an estate signed a contingent fee agreement but did not indicate that he was signing in his representative capacity, he did not bind the estate or the other wrongful death beneficiaries); S. Pine Elec. Power Ass'n v. Denson, 57 So. 2d 859, 864 (Miss. 1952) (". . . the action for the death of Stringer could be brought either 'in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover' or by Mrs. Stringer, if she was his survivor.").

"A stipulation among the parties to a lawsuit is akin to a contract. The parties are bound 'only to the terms actually agreed upon.'" United States v. McKinney, 758 F.2d 1036, 1047 (5th Cir. 1985) (quoting Rice v. Glad Hands, Inc., 750 F.2d 434, 438 (5th Cir. 1985)); see also Browning v. Navarro, 743 F.2d 1069, 1080 (5th Cir. 1984) (stipulations are like consent decrees - contracts to which the court has given its formal approval and are subject to the rules of construction of contracts). Furthermore, "stipulations must be interpreted in light of the circumstances under which they are made." Rice, 750 F.2d at 438; see also Robinson v. Vollert, 602 F.2d 87, 92 (5th Cir. 1979)

("Consent orders . . . are to be construed only by reference to the 'four corners' of the order itself."), *reh'g denied*, 609 F.2d 1177 (5th Cir. 1980)). Plaintiff could have negotiated a stipulation that preserved the claims of the Estate of Eva Boles for the use and benefit of the wrongful death beneficiaries of Eva Boles, but Plaintiff did not. Indeed, several of the claimants listed in the stipulation included claims brought on behalf of "the heirs and legal beneficiaries" or the "wrongful death beneficiaries" of the decedent.

The Mississippi Court of Appeals held that the failure to specifically include wording indicating that the claims of the wrongful death beneficiaries were preserved in addition to those of the Estate resulted in the discharge of the wrongful death claims. Estate of Perry, 927 So. 2d at 767. Accordingly, the Court grants Defendants' Motion for Partial Summary Judgment with respect to any wrongful death claims asserted by Plaintiff. The Court uses the term "wrongful death claims" here solely in reference to what the Mississippi Supreme Court has referred to as "true" wrongful death claims - a cause of action "brought to recover damages (such as loss of consortium) one person's death causes to another." Caves v. Yarbrough, 991 So. 2d 142, 149 (Miss. 2008).

Defendants, in their initial brief, asserted that the only claims which Plaintiff may maintain are survival claims - claims to recover "damages under circumstances which, 'if death had not ensued, [would] have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof.'" Id. (quoting MISS. CODE ANN. § 11-7-13). However, Defendants argued in their rebuttal brief that Plaintiff could not recover for survival claims and could only recover for final medical bills and funeral expenses, expanding the scope of their argument. Rule 56 "requires the court to give the non-movant an adequate opportunity to respond prior to ruling." Gillaspy v. Dallas Indep. Sch. Dist., 278 F. App'x 307, 315 (5th Cir. 2008) (quoting

6

Vais Arums, Inc. v. Vais, 383 F.3d 287, 292 (5th Cir. 2004)). Accordingly, the Court declines to address whether the stipulation preserved Plaintiff's survival claims.

B.  *Statute of Limitations*

Defendants also initially argued that the two-year statute of limitations of Mississippi Code Section 15-1-36 applied to Plaintiff's survival claims, but they ultimately conceded that Mississippi's general three-year statute of limitations applies. See MISS. CODE. ANN. § 15-1-49. Accordingly, Defendants argue that any survival claims asserted by Plaintiff which accrued before January 28, 1999, are barred by the applicable statute of limitations. See Estate of Boles, 2009 U.S. Dist. LEXIS 19690 (Court held that, pursuant to Miss. Code Section 15-1-69, January 28, 2002 - date of filing state court action by "first estate" - would be considered date of filing for purposes of determining whether matter is barred by statute of limitations). Plaintiff responds with several arguments, but at this time it is only necessary for the Court to address one of them.

Plaintiff argues that Boles was of unsound mind when Defendants committed the alleged negligent acts. Mississippi Code Section 15-1-59 provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

MISS. CODE. ANN. § 15-1-59. The savings clause of Section 15-1-59 applies to the causes of actions created by Mississippi's wrongful death statute. Lee v. Thompson, 859 So. 2d 981, 988 (Miss. 2003) (holding that Miss. Code Section 11-7-13 did not contain its own statute of limitations and was therefore subject to the provisions regarding limitation of actions in Title 15 of the Mississippi Code).

"The test as to whether the claimant is so 'mentally incompetent' as to toll the running of the statute of limitations, is this: Is [her] mind so unsound, or is [she] so weak in mind, or so imbecile, no matter from what cause, that [she] cannot manage the ordinary affairs of life?" Brumfield v. Lowe, 744 So. 2d 383, 387 (Miss. Ct. App. 1999) (quoting Shippers Express v. Chapman, 364 So. 2d 1097, 1100 (Miss. 1978)); see also Serton v. Sollie, 2003 U.S. App. LEXIS 24199, *4 (5th Cir. Dec. 2, 2003). "Application of the savings clause does not require a legal adjudication of unsoundness of mind." Hampton v. Gannett Co., 296 F. Supp. 2d 716, 724 (S.D. Miss. 2003) (citing Rockwell v. Preferred Risk Mut. Ins. Co., 710 So. 2d 388, 390 (Miss. 1998)). "However, absent a legal adjudication of unsoundness of mind, a party must 'present alternative evidence to prove that he lacked the requisite understanding for handling his legal affairs.'" Id. (quoting Rockwell, 710 So. 2d at 391). The purpose of the "unsound mind" savings statute is to "protect the legal rights of those who are unable to assert their own rights due to disability." Brumfield, 744 So. 2d at 387 (quoting Rockwell, 710 So. 2d at 391).

Medical records indicate that Dr. Gene E. Crick observed Boles in June 1996 upon her admission to Greenwood Leflore Hospital. He described her as "mentally confused," and his diagnosis included organic brain syndrome. On another hospital form dated June 24, 1996, a nurse recorded that Boles was "confused, uncooperative." On June 27, 1996, upon admission to Greenwood Health and Rehabilitation Center - Defendants' facility - she was diagnosed with dementia and mental confusion. Over two dozen progress reports by Dr. Crick from August 22, 1996, through May 18, 1999, indicate that Boles continued to suffer from a state of mental confusion. Furthermore, a discharge summary from Greenwood Leflore Hospital dated July 23, 1996, indicates that Boles had Alzheimer's disease.

8

Plaintiff has presented evidence indicating that Boles had Alzheimer's disease, and that she suffered from a continual state of mental confusion from August 1996 through at least May 1999. Defendant has not offered any evidence to rebut Plaintiff's unsoundness of mind argument. Therefore, the Court denies Defendants' Motion for Partial Summary Judgment with respect to their argument that any survival claims asserted by Plaintiff which accrued before January 28, 1999, are barred by the applicable statute of limitations.[1]

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Defendants' Motion for Partial Summary Judgment. Specifically, the Court grants Defendants' Motion for Partial Summary Judgment with respect to any wrongful death claims asserted by Plaintiff and denies Defendants' motion with respect to their argument concerning the statute of limitations on survival claims asserted by Plaintiff. A separate order consistent with this opinion shall issue on this the 10th day of July, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[1] See Matthews v. SMV Prop. Holdings, LLC, 2008 U.S. Dist. LEXIS 102365, *6-*8 (N.D. Miss. Dec. 3, 2008) (where plaintiff presented evidence that nursing home resident suffered from Alzheimer's disease, a contested issue of fact existed as to unsoundness of mind); Hampton, 296 F. Supp. 2d at 725 (where defendants offered no evidence that plaintiff was able to manage the day to day affairs of her life in response to plaintiff's evidence of schizophrenia, defendants' motion for summary judgment premised on statute of limitations was denied).