IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF EVA BOLES By And
Through ELIZA PRICE, Administratrix
of THE ESTATE OF EVA BOLES For The
Use And Benefit Of The Wrongful Death
Beneficiaries of EVA BOLES                                            PLAINTIFF

V.                                            CIVIL ACTION NO. 4:07cv99-SA-DAS

NATIONAL HERITAGE REALTY, INC., ET AL.                            DEFENDANTS

## ORDER

Before the court is the defendants' Motion to Redact Hearing Transcript (#150) filed June 22, 2010. With this motion, the defendants seek an order requiring that the entire transcript of the hearing on the plaintiff's motion to compel, held before the undersigned on March 23, 2010, be sealed or, alternatively, that large portions of the hearing transcript be redacted. Specifically, the defendants state that their "financial condition was discussed by counsel for the plaintiff and defendants and by the Magistrate Judge" and that references to the defendants' "sensitive financial information" were made. The defendants argue that the public has no legitimate interest in said financial information. The plaintiff has filed no objection to the instant motion.

The defendants' motion is essentially a motion to seal a public court proceeding or large portions thereof. The court has reviewed the entire transcript of the hearing with particular focus on those portions the defendants seek to have redacted in the alternative. Over half of the relevant portions of the transcript include statements made in open court by defendants' own counsel. The remaining portions are largely statements made by plaintiff's counsel concerning

his beliefs regarding the defendants' financial condition and accusations regarding the nature of financial transactions to which the defendants were a party. Additionally, plaintiff's counsel read into the record portions of the open deposition transcript of one of the defendants' representatives.

The subject hearing was held to determine the propriety of the defendants' decision to withhold specific financial information requested by the plaintiff via written discovery requests. None of the withheld information was disclosed by the defendants during the hearing. Furthermore, the defendants have alleged no harm that would result from allowing public access to the information. Ultimately, because the defendants' interest in prohibiting public access to the subject information does not outweigh the public's common law right of access to the transcript of a public hearing, the instant motion is hereby **DENIED**. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)).

**THIS,** the 14th day of July, 2010.

/s/ **David A. Sanders**
**U. S. MAGISTRATE JUDGE**