IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

THE ESTATE OF EVA BOLES By And
Through ELIZA PRICE, Administratrix
of THE ESTATE OF EVA BOLES For The
Use And Benefit Of The Wrongful Death
Beneficiaries of EVA BOLES                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 4:07cv99-SA-DAS

NATIONAL HERITAGE REALTY, INC., ET AL.                                     DEFENDANTS

**ORDER**

Before the court is the defendants' motion to alter or amend the court's July 15 Order and application for costs (# 164). The defendants now complain that the orders entered in this case conflict regarding production of the general ledger. Specifically, the defendants contend that on the one hand, the court has ordered that their general ledger be produced with confidential information redacted and on the other hand, that production is required without redactions. Additionally, the defendants argue that it is impossible to produce this information in accordance with the court's July 15 Order (#160), which required production of the general ledger in electronic form within 10 days, and request a more "reasonable" time frame. In support of this request, the defendants have submitted, among other things, the affidavit of an IT consultant who states that "[w]hile it is possible to electronically redact the general ledger, it is not feasible and will be more expensive and time consuming." The defendants again insist that producing the information as a hard copy will be more practical. Lastly, the defendants request that the plaintiff be ordered to reimburse them for copying and redaction costs for the 2009 general ledger ($27,593.19) and post a bond for "anticipated costs of producing the general ledger for the years 2004 to 2008 in the amount of $463,947.56."

First, the court finds the defendants have failed to justify their request for a more "reasonable time frame," considering that their proposed time frame would put completion of production of the general ledger at December 3, nearly four months after the trial setting. Second, on the eve of trial, the defendants for the first time present information that could have been presented at a much earlier date and that would have been helpful to the court in crafting a remedy in this case. The court is not swayed by this late proof.

In an Order dated April 27 (# 115), the court first ordered that the defendants produce a redacted copy of their general ledger in electronic form, following an April 26 status conference during which defense counsel was unable to offer any real objections to producing the information in that form. Then, on April 29, in an emergency application to the district judge to stay production (# 117), the defendants claimed that it was "impossible" to produce the ledger in "electronic format with any sensitive information redacted." Following the district judge's May 20 Order Affirming Magistrate's Decision (# 129), the defendants next claimed in an emergency motion to alter a June 2 Order compelling production (#138) that defense counsel had "made inquiry of IT personnel" but that it had not been determined whether a redacted copy could be produced electronically and insisted upon producing the information in paper form. On June 8, in an amended motion to alter the April 27 Order (# 141) the defendants advised that defense counsel had received the general ledgers on DVD's and that the cost for redacting and making a hard paper copy was estimated at $292,296.07. Now, with the present motion, the defendants contend that a redacted copy of the ledger can be produced in electronic form, but is not practical. And, of course, the only alternative offered is producing a hard copy which will now cost approximately one-half million dollars. Simply put, this record evidences that the defendants have not yet made any real attempt to comply with the court's orders to produce their general

ledger in electronic form.

The court once again took up this motion during the pretrial conference yesterday. The court explained that it was inclined to require the defendants to produce the DVD's and/or CD's in their possession containing the general ledger and gave defense counsel an opportunity to make any objections to production of the general ledger on DVD and/or CD to the plaintiff's attorney. Counsel argued only that producing an un-redacted copy of the ledger would violate court orders regarding confidential settlements.

The court recognizes that the current Amended Agreed Protective Order (# 133) allows redaction of information regarding confidential settlements that are subject to stipulations or court orders. However, the defendants have yet to produce to the court proof that an order of any court prohibits disclosure of information regarding a settlement in these proceedings. Indeed, though defense counsel advised the court that the defendants have a list of all cases from 2004 to 2009 in which settlements were entered into, the defendants have yet to present any proof that any such orders actually exist.

Additionally, the current protective order allows the defendants to redact information regarding payments to their attorneys. However, matters involving payment of attorney fees are generally not privileged. *See In re Grand Jury Subpoena*, 9113 F.2d 1118, 1123 (5th Cir. 1990); *Stonehenge/Fasa-Tex., JDC, L.P. v. Miller*, Case No. 3:94-CV-912, 1998 WL 826880 at *2-3 (N.D. Tex. Nov. 23, 1998). Therefore, because the record fails to show that there is any danger of production of privileged information, the court finds that at this stage of the proceedings it has no other alternative but to require the defendants to produce the DVD's and/or CD's of their

general ledger to the plaintiff's attorney.[1]

**THEREFORE, IT IS ORDERED**:

1. That the defendant's motion to alter or amend order and application for costs (# 164) is hereby DENIED.

2. That any provision of any prior order of this court requiring or allowing redaction of the general ledger is hereby VACATED, and the defendants shall produce the DVD's and/or CD's of the general ledger from 2004 through 2009 to the plaintiff's counsel by July 26.[2]

3. That the parties shall in all other respects comply with the court's July 15 Order.

**THIS,** the 23rd day of July, 2010.

                                  **/s/ David A. Sanders**
                                  **U. S. MAGISTRATE JUDGE**

---

[1] To the extent that any provision of any prior order of this court required or allowed redactions to the general ledger, those provisions will be vacated, and the general ledger shall be produced as otherwise required by the parties' agreed protective order (# 133) which expressly prohibits the plaintiff's counsel from revealing the contents of the general ledger to anyone except his retained expert and requires that he keep it *strictly confidential* until such time as it may be offered into evidence at trial. The court is more than confident that the protective order as amended herein will adequately protect the defendants' privacy interests.

[2] Pursuant to Fed.R.Civ.P. 6(a)(1)(C) production is required by July 26.