**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**THE ESTATE OF EVA BOLES by and through
Eliza Price, Administratrix of the Estate of Eva Boles,
for the use and benefit of the Estate and wrongful death
beneficiaries of Eva Boles**                                                    **PLAINTIFF**

**V.**                                                                      **CIVIL ACTION NO. 4:07-CV-99-SA-DAS**

**NATIONAL HERITAGE REALTY, INC., et al.**                                  **DEFENDANTS**


## MEMORANDUM OPINION

Currently pending before the Court is Defendants' Objection to the Magistrate Judge's Order of July 23, 2010 [170]. For the reasons stated below, the Court affirms the Magistrate Judge's order.

## I. BACKGROUND

On February 9, 2010, Plaintiff filed its Motion to Compel [64], seeking production of certain financial records, including Defendants' general ledgers for the years 2004 to present. Thereafter, the parties entered a Confidentiality Stipulation and Protective Order [78], in which the parties stipulated that confidential information may be used only for purposes of this litigation; that any and all copies of confidential documents, including the originals and any items containing confidential information, shall be either destroyed or returned to opposing counsel at the conclusion of this matter; and that the obligations imposed therein shall continue beyond the termination of this matter. Each party and their counsel agreed to the continuing jurisdiction of the Court for the enforcement of the confidentiality agreement.

On March 23, 2010, the Magistrate Judge held a hearing to address the Motion to Compel and granted it, requiring production of the requested financial documents. The Magistrate Judge observed that while punitive damage awards were evaluated by reference to the net worth and

financial condition of a defendant at the time of judgment, Plaintiff should nonetheless be allowed to examine financial records from 2004 to present in order to gain an accurate understanding of Defendants' present financial condition, particularly in light of the prior inconsistent testimony by Defendants' former Chief Financial Officer. The Magistrate Judge further observed that Plaintiff had agreed to pay Defendants' reasonable costs and expenses of production, that Defendants' confidentiality concerns could be addressed by a protective order, and that Defendants had failed to offer any alternative which allowed Plaintiff to examine Defendants' financial condition over the same period of time. Finally, the Magistrate Judge held that Plaintiff's factual allegations were sufficient to make out a cognizable claim for punitive damages. Accordingly, on March 29, 2010, the Magistrate Judge entered an order granting the Motion to Compel [94] and ordering the Defendants to produce the financial documents within the discovery period, which ended on April 9, 2010. The Magistrate Judge further ordered that Plaintiff would bear all reasonable costs and expenses incurred by Defendants in producing the requested documents, and that the parties should confer and submit a proposed agreed protective order.

Defendants objected to the Magistrate Judge's decision [97]. They also filed a motion to stay production of the documents pending the outcome of their appeal of the Magistrate Judge's decision [96]. On April 12, 2010, the Magistrate Judge granted Defendants' motion to stay with respect to production of the general ledger [102].

On May 20, 2010, the Court affirmed the Magistrate Judge's decision [129, 130]. See Estate of Boles v. Nat'l Heritage Realty, Inc., 2010 U.S. Dist. LEXIS 51604 (N.D. Miss. May 20, 2010). The Court held that the Magistrate Judge's decision was not clearly erroneous or contrary to law for the following reasons: 1) while Mississippi law requires that the fact finder determine financial

condition and net worth at the time of trial, the Court has previously allowed the discovery of

financial records from as much as six years before trial;[1] 2) Plaintiff had alleged sufficient facts to

"demonstrate . . . a real possibility that punitive damages will be an issue;[2] 3) the Magistrate Judge

had ordered that Plaintiff shall bear all reasonable costs and expenses incurred by Defendants in

producing the documents, alleviating any purported burden;[3] and 4) the parties had entered a

Protective Order and Confidentiality Agreement in which the parties and counsel not only agreed

to substantial confidentiality requirements, but also agreed to this Court's continuing jurisdiction

to enforce the agreement.[4]

---

[1]See Smith v. Schmidt & McGarland Firm, 2008 WL 1716646, *1 (N.D. Miss. Apr. 9, 2008) (court allowed discovery of financial records from six years before trial); EEOC v. HWCC-Tunica, Inc., 2008 U.S. Dist. LEXIS 85830, *20 (N.D. Miss. Oct. 6, 2008) (court allowed discovery of financial records from four years before trial); see also Bessier v. Precise Tool & Eng. Co., Inc., 778 F. Supp. 1509, 1514 (W.D. Mo. 1991) (court allowed discovery of general ledgers for six years preceding decision).

[2]See Mariner Health Care, Inc. v. Estate of Edwards, 964 So. 2d 1138, 1148 (Miss. 2007); Smith, 2008 WL 1716646 at *1 (quoting Chenoweth v. Schaaf, 98 F.R.D. 587, 589 (W.D. Pa. 1983)).

[3]See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358, 98 S. Ct. 2380, 57 L. Ed. 2d (1978) (district courts have discretion to protect responding party from undue burden or expense by conditioning discovery on the requesting party's payment of the costs of discovery).

[4]See Liberty Mutual Ins. Co. v. Tedford, 2008 U.S. Dist. LEXIS 108282, *21 (N.D. Miss. May 12, 2008) (court ordered production of financial statement but ordered that opposing counsel was prohibited from revealing the contents thereof to any person, including opposing party, and that information was to be treated as strictly confidential until such time as it was introduced into evidence at trial); EEOC, 2008 U.S. Dist. LEXIS 85830 at *21-*22 (". . . only attorneys in the present case may view the information, and counsel is ordered to treat the information as strictly confidential until such time as it is received into evidence at trial."); Smith, 2008 WL 1716646 at *1 (plaintiff's counsel was prohibited from revealing the contents of documents to any other person, including plaintiffs, and instructed to treat the information as strictly confidential until such time as it may be offered into evidence at trial); Audiotext Comms. Network, Inc. v. US Telecom, Inc., 1995 U.S. Dist. LEXIS 15416, *32 (D. Kan. Oct. 5, 1995) (where court had previously entered a protective order as to all information obtained through discovery, a party's confidentiality concerns were alleviated).

On May 26, 2010, the parties entered into an Amended Agreed Protective Order [133]. In general terms, the parties agreed that: 1) any and all copies of the financial documents would be either destroyed or returned to Defendants' counsel at the end of litigation; 2) the financial documents would only be used for purposes of this litigation; 3) within thirty days of the termination of this litigation, or sooner if ordered by the Court, all of the documents would be returned to Defendants' counsel; 4) all work product, including that of outside counsel or experts, that reflects or refers to the documents would either be destroyed or returned to Defendants' counsel; 5) if outside counsel or experts have any work product that contains confidential information and choose to destroy it, rather than return it to Defendants' counsel, Plaintiff's counsel shall observe said destruction and certify in writing to Defendants' counsel that the materials containing confidential information were destroyed; 6) the obligations of the Agreed Protective Order shall continue beyond the termination of this litigation; 7) the Court shall retain jurisdiction to enforce the terms of the agreement; 8) Defendants shall redact from the General Ledger all sums paid to settle claims that are subject to a confidentiality order or stipulation, and all sums paid to defense counsel; and 9) Plaintiff's counsel is prohibited from revealing the contents of the General Ledger to anyone, including Plaintiff, except for the Plaintiff's retained financial expert witness.

On May 28, 2010, Defendants filed a motion for the Court to alter its decision affirming the Magistrate Judge's order compelling production of the financial documents [134]. Defendants argued that Plaintiff could not recover punitive damages in this case because of a bankruptcy stipulation entered into by the parties over eight years ago.

On June 2, 2010, the Magistrate Judge entered an order [137] for Defendants to produce their general ledger in electronic form to Plaintiff within ten days, pursuant to the Court's affirmation of

his earlier decision regarding Plaintiff's motion to compel. The Magistrate Judge further ordered that, upon completion of production, Defendants shall promptly file an itemization of costs and expenses associated with production. Defendants promptly filed a motion to alter or amend the Magistrate Judge's order on June 4, 2010, requesting that the order be stayed pending the Court's decision regarding Defendants' motion to alter or amend its order affirming the Magistrate Judge's order compelling production. Alternatively, Defendants requested that they be permitted to produce the ledger in paper format in four to six weeks. Finally, they requested that the Court order Plaintiff to deposit $30,000.00 into the Court's registry as a deposit on the expense associated with the production. On June 8, Defendants amended their motion, and requested that the Court order Plaintiff to deposit $292,296.07 into the Court's registry [138].

On June 14, 2010, the Magistrate Judge granted in part [145] Defendants' motion to alter or amend the order to produce the ledger, staying production of the general ledger pending a disposition on the Defendants' motion to alter or amend the Court's affirmation of the Magistrate Judge's order compelling production. The Court noted that Defendant had failed to offer any affidavits from IT personnel or otherwise to substantiate their claims concerning the necessity of the circuitous process by which they intended to prepare the general ledger for production. As such, the Court denied Defendants' motion, insofar as it requested that they be permitted to produce the ledger in paper format and that Plaintiff be ordered to deposit $292,296.07 into the Court's registry.

On July 9, 2010, the Court denied Defendants' motion to alter or amend its order affirming the Magistrate Judge's decision on the Motion to Compel [152, 153]. See Estate of Boles v. Nat'l Heritage Realty, Inc., 2010 U.S. Dist. LEXIS 68738 (N.D. Miss. July 9, 2010). The Court held that Rule 59(e) provided no relief for Defendants, insofar as they had offered no legitimate explanation

for their failure to raise the bankruptcy stipulation before the Court issued its order affirming the Magistrate Judge's decision. The Court further held that Rule 60(b)(6) provided no relief for Defendants, insofar as their piecemeal and untimely presentation of arguments related to the bankruptcy stipulation had prevented the parties and the Court from adequately addressing an issue of such potential impact.

On July 15, 2010, the Magistrate Judge lifted the stay previously entered and ordered the Defendants to produce the general ledger in electronic format to the Plaintiff within ten days [160]. The Magistrate Judge further ordered that once production was complete, Defendants were to promptly file a request for reimbursement of reasonable production costs, including an itemizaton of costs and expenses.

On July 20, 2010, Defendants filed another Motion to Alter or Amend [164], protesting the Magistrate Judge's order of July 15, 2010. Defendant argued that it was literally impossible for them to comply with the Magistrate Judge's July 15 order and still perform necessary redactions as required by the Agreed Protective Order of May 26, 2010. Defendants also alleged that it was not possible to both produce the ledgers as ordered on July 15 and to comply with confidential settlement agreements entered in other matters. Accordingly, Defendants requested that they be permitted to produce the general ledger as a hard copy, alleging that such format was necessary to reduce the amount of time it would take to prepare the document for production, reduce the costs associated with production, and ensure the protection of the information contained therein. Defendants further requested that Plaintiff be ordered to reimburse them for the costs and fees incurred in the production of the portion of the general ledger for the year 2009 in the amount of $27, 593.19, and that Plaintiff be required to post a bond in the amount of $463,947.56 in

anticipation of the costs of producing the portion of the general ledger for the years 2004 through 2008. Finally, Defendants requested that the timeline for production be altered so that they may produce the general ledger gradually over the next five months.

The final pretrial conference was held on Thursday, July 22, 2010 [167], and the Magistrate Judge denied Defendants' Motion to Alter or Amend [168] on Friday, July 23, 2010. The Magistrate Judge first held that Defendants had failed to justify their request for a more "reasonable time frame," as their proposed time frame for production would have put completion of discovery at December 3, 2010, months after this matter's scheduled trial date. Further, after a careful examination of this discovery dispute's timeline from April 27, 2010, to present, the Magistrate Judge concluded that Defendants have made no real attempt to comply with the Court's orders to produce the general ledger in electronic format. The Magistrate Judge also noted that Defendants had not presented any evidence that production of an unredacted copy of the ledger would violate any court orders regarding confidential settlements, and that matters involving the payment of attorney fees are generally not privileged information. Accordingly, the Magistrate Judge held that there was no evidence in the record of any danger of production of privileged information and that there was no alternative, at this late stage in the proceedings, but to require Defendants to produce the ledgers with or without redaction. Therefore, the Magistrate Judge ordered Defendants to produce the ledgers in an electronic format by Monday, July 26, 2010.

Later that day, Defendants filed their objection to the Magistrate Judge's denial of their Motion to Alter or Amend [170], which the Court now addresses.

## II. DISCUSSION

### A.     Standard of Review

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine non-dispositive discovery matters.  28 U.S.C. § 636(b)(1)(A); L.U.Civ.R. 72(d).  "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law."  L.U.Civ.R. 72(a)(1)(B); see also FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); O'Neal v. Cazes, 257 Fed. Appx. 710, 717 (5th Cir. 2007); Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

"When reviewing a non-dispositive order issued by a Magistrate Judge . . . this court gives substantial deference to the findings of the Magistrate Judge."  Grand Oaks, Inc. v. Anderson, 1997 U.S. Dist. LEXIS 14864, *2-*3, 175 F.R.D. 247 (N.D. Miss. Sep. 12, 1997) (citing FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); Castillo, 70 F.3d at 385).  Indeed, the "'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed.'" C.H. v. Rankin County Sch. Dist., 2010 U.S. Dist. LEXIS 37888, *19 (S.D. Miss. Apr. 16, 2010) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

### B.     Defendants' Opportunity to Present Evidence

First, Defendants argue they have not had a proper opportunity to present evidence on the issue of production of the general ledger.  Defendants claim that they were "blind-sided" by this issue when Plaintiff filed its reply brief on its Motion to Compel on February 26, 2010, and that they

have never been given a proper opportunity to respond. The Court is not persuaded. Defendants could have filed a motion seeking leave to file a sur-reply, if they wished to offer evidence when Plaintiff initially raised the issue on February 26, 2010. More importantly, Defendants have had multiple opportunities to present hard evidence during the *four months* that have passed since the Magistrate Judge initially granted Plaintiff's Motion to Compel. Indeed, the docket reveals that Defendants had the opportunity to present the Court with evidence upon any of the following occasions: the hearing held before the Magistrate Judge on March 23, 2010 [90]; their initial objection to the Magistrate Judge's order on the motion to compel [97]; their rebuttal to the Plaintiff's response to the objection [119]; their motion to alter or amend the Court's ruling on the objection [134]; and their rebuttal to Plaintiff's response to their motion to alter or amend [142]. Accordingly, the Court rejects Defendants' argument that they have not been given sufficient opportunity to offer evidence.

## C.    *The Amount of Time Granted Defendants for Production*

Next, Defendants argue that they have only actually been given three weeks to work on preparing the documents for production, in light of the stay orders that have been entered upon their objections and motions to alter or amend. Defendants characterize the Magistrate Judge's orders staying production of the general ledger as orders to "stop working on the project." Again, the Court is not persuaded. The orders at issue merely stayed production of the general ledger to Plaintiff - not Defendants' continued preparation for the possible production of the documents in case their objections were overruled. Defendants have been on notice since the Magistrate Judge granted Plaintiff's initial motion to compel that they would likely have to produce the general ledger. Although Defendants objected to the Magistrate Judge's decision and then petitioned the Court to

reconsider its affirmation of the Magistrate Judge, they should have continued to prepare in good faith for the possibility that their protests would be unsuccessful. Indeed, in light of the substantial deference which the Court must afford a Magistrate Judge's decision,[5] the narrow purpose of motions to alter or amend under Rule 59(e),[6] and the extraordinary nature of relief under Rule 60(b),[7] continued preparation of the general ledger for production would have been a wise precaution.

**D.      *Whether an Unredacted General Ledger Alters the Court's Earlier Determination***

Next, Defendants argue that the Magistrate Judge's order to produce the general ledger with or without redactions strips Defendants of the protections granted by the confidentiality agreement previously entered in this matter and undermines a key element in the Court's basis for affirming the Magistrate Judge's decision on the Motion to Compel.

First, the Court notes that the record contains no evidence whatsoever of any orders, agreements, or stipulations entered in other cases which prevent Defendants from complying with the Magistrate Judge's order. Defendants have advanced this argument at least since the hearing before the Magistrate Judge on March 23, 2010. However, throughout their multiple briefs on this discovery issue over the past four months, Defendants have yet to offer any evidence that they are bound by any such agreement or order. As such, the Court rejects any argument premised upon Defendants' purported obligation to redact settlement amounts.

Next, Defendants have also argued that they should be permitted to redact any transactions

---

[5]See Grand Oaks, Inc., 1997 U.S. Dist. LEXIS 14864 at *2-*3.

[6]Knight v. Kellogg Brown & Root Inc., 333 F. App'x 1, 8 (5th Cir. 2009) (citing Templet v. Hydrochem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)).

[7]Longden v. Sunderman, 979 F.2d 1095, 1102 (5th Cir. 1992).

representing payments to their counsel. As the Magistrate Judge correctly observed, "matters involving the payment of [attorney] fees . . . are not generally privileged." In re Grand Jury Subpoena, 913 F.2d 1118, 1123 (5th Cir. 1990); see also Nationwide Ins. Co. v. Johnson, 2006 U.S. Dist. LEXIS 49800, *5 (S.D. Miss. June 27, 2006) (facts relevant to the amount a party paid its counsel are not in and of themselves privileged). Accordingly, the Court rejects any argument premised upon Defendants' alleged entitlement to redact records of sums paid to its counsel.

Finally, the Court rejects Defendants' argument that the Magistrate Judge's order undermines the basis of the Court's earlier affirmation of the Magistrate Judge's order on the initial motion to compel. While the Court observed that parties to litigation routinely redact privileged and confidential information contained in discovery responses, it did not expressly state or even imply that its ruling as to the potential prejudice to Defendants hinged on the issue of redaction. In fact, the bulk of the Court's discussion focused on its discretion to order parties to enter into confidentiality agreements.[8] All the protections of the May 26, 2010, Amended Agreed Protective Order - excepting the requirement that Defendant redact certain portions of the general ledger - remain in effect. This Court still has continuing jurisdiction over the enforcement of that agreement, and the Court is capable of addressing any potential violations thereof that may occur. Therefore, the core basis of the Court's ruling remains intact.

### E.   Electronic Format or Hard Copy

Defendants object to the Magistrate Judge's order that they produce the general ledger in electronic format. They argue that an electronic document can be instantaneously or accidentally

---

[8] See Liberty Mutual Ins. Co., 2008 U.S. Dist. LEXIS 108282 at *21; EEOC, 2008 U.S. Dist. LEXIS 85830 at *21-*22; Smith, 2008 WL 1716646 at *1; Audiotext Comms. Network, Inc., 1995 U.S. Dist. LEXIS 15416 at *32.

disseminated, whereas a 253,700 page document can not be instantaneously or accidentally copied. Defendants also argue that it is necessary to produce a hard copy in order to reduce the costs of redaction.

The Court initially notes that the Coker affidavit attached to Defendants' motion to alter or amend the Magistrate Judge's decision [164-1] is irrelevant, insofar as the Magistrate Judge did not require the Defendants to redact the ledger in an electronic format. Rather, the Magistrate Judge required that Defendants produce it to Plaintiff in an electronic format. The Court has not addressed the means by which the Defendants should reach that end. Additionally, Defendants have presented no evidence or convincing argument as to why the May 26, 2010, Amended Agreed Protective Order and the Court's continuing jurisdiction over this matter are insufficient to remedy any potential breach of confidentiality that may occur. Accordingly, the Court rejects Defendants' contention that they should be permitted to produce a hard copy, rather than an electronic copy.

## F. *Arguments Previously Raised*

The remainder of the arguments presented by Defendants have already been addressed in the Court's prior decisions regarding the relevance of the information sought and the burden imposed by production. Therefore, the Court rejects them now for the same reasons it previously did.

## III. CONCLUSION

This Court possesses "broad discretion in discovery matters." Bisby v. Garza, 342 F. App'x 969, 973 (5th Cir. 2009) (citing Scott v. Monsanto Co., 868 F.2d 786, 793 (5th Cir. 1989)); see also Wyatt v. Kaplan, 686 F.2d 276, 283 (5th Cir. 1982). The "rules of discovery are to be accorded a broad and liberal treatment." EEOC, 2008 U.S. Dist. LEXIS 85830 at *5 (citing Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). This Court can only reverse a Magistrate

Judge's discovery-related decision if it is clearly erroneous or contrary to law. L.U.Civ.R. 72(a)(1)(B); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); <u>O'Neal</u>, 257 F. App'x at 717; <u>Castillo</u>, 70 F.3d at 385.

The Magistrate Judge initially entered the order compelling production of the general ledger on March 29, 2010. Defendants have spent the past four months essentially arguing the same handful of points, without offering any substantive evidence in support of their position or directing the Court to any conclusive law. Mere disagreement with the Court is no excuse for Defendants' pattern of delay. Further, the Court warns Defendants that it has the power to impose substantial sanctions for a party's failure to comply with a discovery order. <u>See</u> <u>e.g.</u> Fed. R. Civ. P. 37(b)(2).

For the reasons stated above, the Court affirms the Magistrate Judge's order of July 23, 2010. Defendants shall produce the general ledger in electronic format to Plaintiff by 5:00 p.m. on Monday, August 2, 2010. A separate order consistent with this opinion shall issue on this, the 27th day of July, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**