**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

THE ESTATE OF EVA BOLES                                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 4:07-CV-99-SA-DAS

NATIONAL HERITAGE REALTY, INC., ET AL.                         DEFENDANTS

**ORDER DENYING MOTION FOR STAY**

For the reasons stated below, the Court denies Defendants' Motion for Stay [188]. When deciding whether to issue a stay pending appeal, the Court must consider four factors:

> [W]hether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

Thompson v. Ingalls Shipbuilding, 2006 U.S. Dist. LEXIS 9644, *3 (S.D. Miss. Feb. 22, 2006) (citing O'Bryan v. McKaskle, 729 F.2d 991, 993 (5th Cir. 1984)); see also Jenkins v. Robotec, Inc., 2009 U.S. Dist. LEXIS 122996, *6 (S.D. Miss. Dec. 29, 2009).  "The movant need not always show a probability of success on the merits, but must present a substantial case on the merits when a serious legal question is involved and show that the *balance of the equities* [i.e. the other three factors] *weighs heavily in favor of granting the stay*."  O'Bryan, 729 F.3d at 993 (emphasis and alteration original).  The movant carries the burden of demonstrating that a stay is warranted.  Thompson, 2006 U.S. Dist. LEXIS 9644 at *4.

The Court finds that Defendants have not carried their burden of demonstrating that a stay is warranted.  In their motion to stay, Defendants did not attempt to

demonstrate a likelihood of irreparable injury if the stay is not granted. Further, they made no arguments concerning the harm to Plaintiff in the event that the stay is granted. Finally, they made no argument concerning the public interest in granting the stay. Defendants' only argument in favor of a stay is that "[t]wo other circuit courts of appeals have issued writs of mandamus under similar circumstances." However, the Court is unconvinced that the Eleventh Circuit decision and Sixth Circuit decision cited by Defendants demonstrate a "showing of likelihood of success on the merits." Id. at *3.

Defendants first cite In re Ford Motor Co., 345 F.3d 1315 (11th Cir. 2003). The Court has already distinguished that case on more than one ground. First, Ford involved a plaintiff's effort to gain access to a large database which included both relevant and irrelevant information. Id. at 1316-17. In the present case, the Court has already held that the information contained in the general ledgers is relevant to Defendants' financial condition and net worth. See Estate of Boles v. Nat'l Heritage Realty, Inc., 2010 U.S. Dist. LEXIS 51604 (N.D. Miss. May 20, 2010). Defendants have made two primary arguments concerning privilege and confidentiality: 1) that orders entered by other courts prevent them from disclosing some of the information contained in the general ledgers, and 2) that the general ledgers contains privileged information regarding fees paid to Defendants' counsel. See Estate of Boles v. Nat'l Heritage Realty, Inc., 2010 U.S. Dist. LEXIS 75682 (N.D. Miss. July 27, 2010). Defendants have failed to offer any evidence of court orders preventing them from disclosing any of the information contained in the general ledgers, and matters involving the payment of attorney fees are not generally privileged. Id. Therefore, the present case is not one in which a plaintiff is seeking access to a large collection of discoverable and non-discoverable information. To the

contrary, Defendants have not presented any evidence or legitimate argument that the general ledgers contain any irrelevant or otherwise non-discoverable information.

Further, the appellate court's decision in Ford was based, in part, on the district court's failure to address the defendant's objections or provide any basis for its decision. In the present case, the Court has repeatedly addressed Defendants' objections in multiple rounds of briefing, a hearing before the Magistrate Judge, and the final pretrial conference. The Court has given Defendants' arguments due consideration and has provided ample explanation for its decisions.

Defendants also cite John B. v. Goetz, 531 F.3d 448 (6th Cir. 2008). However, Goetz is likewise distinguishable from the present case. In Goetz – a class action against an agency of the state of Tennessee - the district court ordered the plaintiff's computer expert to inspect the computers of the defendant's key records custodians to ascertain whether the records relevant to the underlying case had been impaired, compromised, or removed. Id. at 455. The district court further ordered that Plaintiff's expert make forensic copies of any computer inspected to preserve the electronically stored information. Id. The district court reasoned that the forensic copies were necessary to "protect against the Defendants' destruction of responsive information in light of the Defendants' persistent refusals to produce ESI in violation of the Court's orders." Id. at 459.

The appellate court held that the district court's order compelling forensic imaging failed "to account properly for the significant privacy and confidentiality concerns present in [the] case." Id. at 460. "The district court . . . ordered plaintiffs' computer expert, accompanied by deputy U.S. Marshals, to enter state agencies, and the

offices and homes of state officials, to make forensic images of hard drives and other devices, whether state-owned or privately owned, that contain information relevant" to the case at issue. Id. The appellate court noted, "[T]he media at issue will almost certainly contain confidential state or private personal information that is wholly unrelated to the litigation." Id. Further, since the orders were directed to state officials, they "implicate[d] federalism and comity considerations not present in typical civil litigation." Id. at 461.

The present case presents none of the federalism and comity considerations present in Goetz. Further, the Court is not ordering Plaintiff's experts and deputy United States Marshals to enter the private homes of Defendants' agents and make copies of any computer devices located therein. Finally, the Court is not ordering Defendants to produce any irrelevant or otherwise non-discoverable information.

As Defendants have failed to show a likelihood of success on the merits and have not argued the other three factors the Court must consider when addressing a motion for stay pending appeal, the Court denies Defendants' Motion for Stay [188]. **Defendants shall produce an unrestricted and complete electronic copy of their general ledgers for the years 2004 through 2009 to Plaintiff by 5:00 p.m., Central Standard Time, on Saturday, August 7, 2010.** By use of the term "unrestricted," the Court means: 1) Defendants shall produce a complete electronic copy of the general ledgers that may be viewed on more than one computer; 2) Defendants shall produce a complete electronic copy of the general ledgers that may be printed; 3) Defendants shall produce a complete electronic copy of the general ledgers that may be e-mailed or otherwise electronically or digitally transferred; 4) Defendants shall produce a complete electronic copy of the

general ledgers which is not restricted to access within any specific period of time; and 5) Defendants shall produce a fully accessible, unencrypted, complete electronic copy of the general ledgers. Nothing in this order shall be construed as contradicting any of the Court's previous orders which remain in effect.

Once Defendants have fully complied with this order and produced an unrestricted and complete electronic copy to Plaintiff, they shall immediately provide notice to the Court, on the record, that they have done so. If Defendants do not fully comply with this order, Plaintiff shall immediately provide notice to the Court, on the record, that Defendants have not complied, including a factual account of the manner in which Defendants have not complied.  So ordered on this, the 7th day of August, 2010.


                                                **/s/ Sharion Aycock**
                                             **United States District Judge**